JOHN YOUNG, Respondent, *v.* THE CITY OF ST. LOUIS *et al.,* Appellants.

1. *St. Louis, city of— Ordinance—Water-pipe, averment as to necessity of.* —The act to enable the city of St. Louis to procure a supply of wholesome water (Adj. Sess. Acts 1868, p. 291) declares, among other things, that "whenever the city council shall, by a vote of two-thirds of all the members elected, declare the laying of a water-pipe to be necessary, the board of water commissioners shall cause the same to be laid." An ordinance of the city council authorizing the laying of a certain water-pipe did not in direct terms declare the laying of the same to be necessary. *Held:*

1. That the ordinance was not for that reason invalid. The passage of the ordinance was equivalent to an averment that the necessity had arisen, and had been declared and acted upon.

2. A resolution of the council requesting the commissioners to suspend the laying of the water-pipe did not have the binding force of law, nor did it revoke the previous ordinance.

3. The passage of the ordinance constituted a justification for the proceedings of the commissioners in laying the pipe, although the ordinance failed to show that it was passed by a vote of two-thirds of all the members elected to the council. The commissioners had a right to assume that the ordinance was legally passed. If two-thirds of all the members elected did not vote for it, it was illegal and void, but to determine that matter the proceedings of the council itself should be brought up.

*Appeal from St. Louis Circuit Court.*

*S. Reber*, for appellants.

*J. N. Litton*, for respondent.

I. In proceedings of this character it must affirmatively appear that the council declared it necessary to lay the pipe. The law is express: they must "so declare." "Necessity" in this case is not synonymous with "expediency." (Commonwealth v. Egremont, 6 Mass. 491; 2 Mass. 271; 29 Conn. 495; Hunter v. Newport, 5 R. I. 329; 23 Me. 9; 2 Pick. 228; Conners v. Swain, 8 Pick. 547; Jones v. Anderson, 9 Pick. 132; Bethel v. County Court, 42 Me. 479; 8 Conn. 164, 243; 9 Conn. 232; 11 Conn. 577; 17 Conn. 197; 1 Dutch., N. J., 434; Mallett v Kennan, 22 Ala. 484.)

II. It does not appear by the record that the vote was a two-thirds vote, even of those who were present; still less of those who were elected. It must so appear. (See 9 Yerg. 268; Henderson v. Baltimore, 8 Ind. 352; Mallett v. Kennan, *supra;* 1 Cow. 316; 1 Johns. 75; 4 Hill, 76; 3 Greenl. 340; Dougherty v. Hope, 1 Comst. 79.)

The records of this judicial tribunal should show this fact. It is a jurisdictional fact, and every inferior or judicial tribunal other than a common-law tribunal must affirmatively show its jurisdiction. (Iba v. Hann. & St. Jo. R.R., 45 Mo. 475; Hamberger v. Pacific R.R., 41 Mo. 227; 26 Mo. 65; 31 Mo. 264; 37 Mo. 228; 6 Wheat. 119; Hayward v. Charlestown, 3 N. H. 23.)

III. This ordinance was repealed by the resolution. If the ordinance was a declaration that the pipe was necessary, the resolution was a declaration that it was a mistake — that it was unnecessary.

WAGNER, Judge, delivered the opinion of the court.

The *certiorari* issued in this case brings up the record of the board of water commissioners, and the question is whether the action of the board, in making an assessment against the respondent for laying a water-pipe in front of his property on

Gamble avenue, was legal. The power was exercised under the provisions of an act amendatory to the act to enable the city of St. Louis to procure a supply of wholesome water. (Adj. Sess. Acts 1868, p. 291.)

The law provides that whenever a majority in interest of the property-holders on any street, lane or alley, in the city of St. Louis, shall petition for water-pipe to be laid along such street, lane or alley, or whenever the city council shall, by a vote of two-thirds of all the members elected, declare the laying of water-pipe to be necessary, the board of water commissioners shall cause the same to be laid, and the cost of laying all such pipe shall be apportioned among the owners of property on such street, lane or alley, according to the fronting of their lots thereon.

There was no petition of property-holders in this case, but the board, to justify their action, rely upon an ordinance which was passed by the city council, and which authorized the water commissioners to lay a six-inch water-pipe in Gamble avenue, from High street to Naomi street, and in payment thereof to assess a special tax on the property-holders. The concluding paragraph of the ordinance purports to be passed in pursuance of the act of 1867, when, in fact, the amendatory act of 1868 was in force; but this was obviously a mere clerical error, and does not in the least impair the validity of the ordinance, as the provisions of both acts, so far as the merits of this case are concerned, are essentially the same.

The main and principal objection urged against the proceeding is that the council did not in direct terms declare that the laying of the water-pipes was necessary. There are some authorities that support this view of the case, but it seems to me that they are too technical, and are not founded on those broad considerations which should always be adopted in construing statutes.

The city council in passing the ordinance necessarily exercised the discretionary power given by the statute, and must be presumed to have formed an opinion of the necessity or desirableness of the improvement. I think it was sufficient to show that the council passed the ordinance of authorization; that was equivalent to an averment that the exigency had arisen, had been declared

and acted upon. Under a somewhat similar provision in a State constitution, which prohibited the granting of special charters except where in the judgment of the Legislature the object could not be obtained under a general law, it was held that it was not necessary to express such judgment in a special charter. (People v. Bowen, 21 N. Y. 517; see also Rector, etc., of Trinity Church v. Higgins, 4 Roberts, 1.)

But it is further contended that the ordinance was repealed before the work was completed, and therefore the authority was withdrawn. After the adoption of the ordinance and the commencement of the work, the council passed a resolution requesting the commissioners to suspend the laying of water-pipe on Gamble avenue. But this resolution was simply a request; it did not have the binding force of law, and revoked no previous authority.

The objection is also insisted upon that the ordinance constituted no justification for the proceeding of the board, because it did not show that it was passed by two-thirds of all the members elected to the council. But we do not think that was necessary so far as the board of water commissioners were concerned. The council had jurisdiction over the subject, and the board had the right to assume that in the passage of the ordinance the law was properly complied with. If two-thirds of all the members elected did not vote for it, it was illegal and void, but to determine that matter the proceedings of the council itself should have been brought up.

With the concurrence of the other judges, the judgment of the Circuit Court quashing the proceedings will be reversed.