City of St. Louis, v. Foster.

———o———

CITY OF ST. LOUIS, Respondent, *vs*. DAVID FOSTER, Appellant.

1. *Ordinances—Ordaining clause, omission of—Act directory.*—An ordinance of a city is not invalid, because the ordaining clause is omitted; the law requiring such a clause, but not declaring the law void if that form is not pursued, is directory. (City of Cape Girardeau vs. Riley, *ante* p. 424—affirmed.)

2. *Statutes, validity of—Forms prescribed—Departure from—Ordinances—Authentication—Law directory.*—A statute authenticated in the manner pointed out by law cannot be impeached by showing a departure from the forms prescribed by the constitution in the passage of the law; and the same principle applies to municipal corporations (Pacific Railroad vs. The Governor, 23 Mo., 353 affirmed.) Such provisions or laws are directory, if there is no provision declaring such laws or ordinances void, if the said forms are not complied with.

3. *Ordinances—Revision of—Continuity.*—When a former law is included in a revised law, the revision has not the effect of breaking the continuity of those provisions which were in force before.

4. *Ordinances—Collation of—St. Louis, City of—Publication—Seal—Proof.*—When the ordinances of the City of St. Louis are collated and published by authority of the city they are admissible in evidence without any seal or attestation.

*Appeal from St. Louis Criminal Court.*

*L. M. Shreve*, for Appellant.

The ordinance was invalid, because it had no enacting clause. The book of ordinances, a revision, has but one ordinance pro-

| 52 | 513 |
| 40a | 653 |

| 52 | 513 |
| 120 | 8 |
| 56a | 20 |

| 52 | 513 |
| 124 | 391 |
| 60a | 371 |

| 52 | 513 |
| 131 | 118 |
| 121 | 134 |

| 52 | 513 |
| 72a | 636 |

| 52 | 513 |
| 143 | 446 |

| 52 | 513 |
| 148 | 235 |
| 148 | 645 |
| 148 | 672 |

| 52 | 513 |
| 156 | 256 |
| 88a | 668 |

| 52 | 513 |
| f164 | 64 |

perly enacted, whereas each ordinance must be for itself ordained. The ordinance was also invalid, because it had not been read in council three different days, and also because it was not printed and published as required by charter; nor was it admissible in evidence, not being certified by the register.

*E. P. McCarty*, for Respondent.

" Revised Ordinances 1871" constitute *one* ordinance at the beginning of which is the ordaining clause.

The provision for publication of ordinances is merely directory. Elmendorf vs. Mayor of New York, 25 Wend., 696.

The statute roll or authorized publication is conclusive in this action that this *is* the law. (Pacific Railroad vs. The Governor, 23 Mo., 362; Treasurer of City of Camden vs. Mulford, 2 Dutch, 49.)

It was not necessary that the copy of ordinance introduced in evidence should be certified by the city register.

WAGNER, Judge, delivered the opinion of the court.

The defendant was prosecuted for violating an ordinance of the City of St. Louis, prohibiting the setting up and keeping gaming tables and gambling devises. Upon the trial the defendant objected to the admission of the City ordinances in evidence, on the alleged ground, that they were invalid. The objection was overruled, and this constitutes the main error relied on.

It is first contended that the ordinance is void and of no effect, because the style or ordaining clause appear to have been omitted. The Charter requires, that the style of the ordinances passed by the City of St. Louis shall be.—"Be it ordained by the City Council of the City of St. Louis," but it is now here declared, that if this form is not pursued, the ordinances shall in consecquence thereof become void. This question has been considered by the Court at the present term in the case of the City of Cape Girardean vs. Riley *et al.*, (ante p. 424) where in a Legislative Act, the constitutional requirement of an enacting clause was omitted, and we held, that the provision as to the style of laws was directory, and

that a law passed with all the forms and solemnities prescribed
by the constitution, would not be rendered invalid, because
the style or enacting clause failed to appear in the act.   That
case is decisive of the point we are now considering; though
as a fact the objection does not seem to be true, for the re-
vision of the City of Ordinances digests them all into one, and
it commences with the proper style.

The Charter further provides, that every ordinance shall be
read on three different days of the stated session, at which,
and before it was passed, and the objection was interposed to
the reading of the ordinance, that this direction was not pur-
sued.   But notwithstanding this, the Court admitted it.

The law on this subject was elaborately considered in the
case of the Pacific R. R., vs. The Governor, (23 Mo., 353,)
and will be unnecessary to restate what was so well said by ·
the learned Judge, who wrote the opinion in that case.   It
was clearly decided, that the validity of a statute, authenticat-
ed in the manner pointed out by law, could not be impeached
by showing a departure from the forms prescribed by the Con-
stitution, in the passage of the law.   The same principle ap-
plies to municipal corporations.

Their Charters are their Constitutions, which authorize the
Councils to act, and a City Council is "a miniature General
Assembly, and their authorized ordinances have the force of
laws passed by the Legislature of the State."

A provision in a city Charter, that the yeas and nays shall
be called and published; whenever the vote of the Common
Council should be taken 'on any proposed improvement in-
volving a tax or assessment upon the citizens, was considered
by the Supreme Court of New York, notwithstanding the use of
the word "shall," to be directory merely ; "the essential re-
quisite being the determination of the corporation, and not the
form or manner of expressing that determination" (Striker
vs. Kelley, 7 Hill 9 ; S. C., in Error, 2 Denio, 323 ; Indianola
vs. Jones, 29 Iowa, 282 ; *In re* Mount Morris Square, 2 Hill
20 ; Elmendorf vs. Mayor &c., 25 Wend., 693.)

In construing the Constitution of New York, which requires

the question upon the final passage of a bill to be taken upon its last reading, and the yeas and nays to be entered upon the journal, Willard, J., speaking the unanimous voice of the Court of appeals, says: "The legal presumption is, that a law, published under the authority of the government, was correctly passed, so far at least as relates to matters of form. * * * Again, the provision of the Constitution, requiring the question upon the final passage of a bill to be taken upon its last reading, and the yeas and nays entered on the journal, is directory to the Legislature. There is no clause declaring the act void, if this direction is not followed." (People vs. Supervisors, 4 Seld., 317.)

As the ordinance had all the marks of being valid, and appeared to be regularly passed, and was published by authority, we are satisfied that it could not be rejected as evidence on the alleged ground that it was incorrectly passed as to matters of form. The next question is, was the ordinance invalid by reason of its not being published in the papers doing the City printing within five days from its passage? The Charter declares that all ordinances passed by the City Council shall be published within five days after they become laws. But this provision plainly refers to the ordinary passing of the ordinances from time to time, as the Council may see fit or deem proper. It was designed to notify the public at as early a period as possible of the passage and provisions of the laws, which were to govern them. But the case is different here. The book of ordinances offered and admitted in evidence did not contain new ordinances, but simply a revision and digest of the old ones.

They had been previously regularly passed and published, and their existence did not date from the time the revision took effect. In St. Louis vs. Alexander (23 Mo., 509,) this Court said: "It would be of the most mischievous consequence to hold that the revision of a law had the effect of making the revised law entirely original, to be considered as though none of its provisions had effect but from the date of the revised law. When a former provision is included in a revised law, it is only

City of St. Louis, v. Foster.

thereby intended to continue its existence, not to make it operate as an original act to take effect from the date of the revised law. The revision has not the effect of breaking the continuity of those provisions which were in force before it was made."

There is no force in the point, that the book of ordinances was inadmissible, because the seal of the corporation attested by the register was not attached to it. The law is that all ordinances, resolutions and proceedings of the City may be proved by the seal of the corporation, attested by the Register, and, when printed and published by authority of the corporation, the same shall be received in evidence in all Courts and places without further proof.

When the ordinances are collated, and printed and published by authority of the Corporation, they are then admisible in evidence without any seal or attestation.

The other questions raised are destitute of merit. The permitting of the plaintiff to introduce evidence, after it was announced the case was closed, was a matter resting in the sound discretion of the Court, and it does not appear that that discretion was unsoundly exercised, or that the defendant was injured by it. As to the ordinance being inconsistent with the laws of the State, it is sufficient to say, that that point was not included in the motion for a new trial, and of course, cannot be noticed here.

For the foregoing reasons, I am of the opinion, that the judgment should be affirmed, and the other Judges concurring, it will be so ordered.