|  72   97|
| 131   175|

## Keating v. Skiles, *Appellant*.

**City Ordinance—what Papers Constitute a Certain Ordinance:**
   PAROL EVIDENCE.   A package of papers, consisting of eight half
   sheets fastened together with ordinary paper fasteners bore on the
   back of the eighth and last sheet the indorsement, "An ordinance
   for the establishing of the grades of certain *streets*."   On the face of
   this sheet appeared the title, "An ordinance to re-establish the
   grades of certain *streets*," the enacting clause, a single section estab-
   lishing the grade of a single street, the approving clause and the
   mayor's signature.   The other seven sheets contained what pur-
   ported to be seven sections, one upon each sheet, establishing the
   grades of as many different streets.   At the bottom of the first sheet
   was a clause purporting to repeal all conflicting ordinances.   In
   the record of ordinances, this ordinance appeared in the same form
   as in the original; and the entries on the journal of the proceedings
   of the common council corresponded with the indorsement on
   the back of the eighth half sheet.   *Held*, that this sheet alone
   constituted the ordinance.   It was complete and perfect in itself,
   while the others lacked the requisite *indicia* of authenticity.   The
   mere fact of their being attached to the eighth, was not sufficient.
   *Held*, also, that parol evidence could not be received to show that
   the sheets had been transposed by mistake.   Such evidence is inad-
   missible to point out, explain, rectify or ʻsupply any omission suffi-
   ciently to authenticate an instrument intended for a city ordinance.

7—72

*Appeal from Jackson Special Law and Equity Court.*—HON. R. E. COWAN, Judge.

REVERSED.

This was an action on certain special tax bills for work done on Bell street, Kansas City. The defense was that the street had not been brought up to the grade fixed by ordinance, and the evidence showed that the surface of the street was two and one-half feet lower than the grade established by ordinance No. 5205. To overcome this defense, plaintiff undertook to show that ordinance No. 5205 had been repealed by ordinance No. 8449, and the grade of Bell street established by this latter ordinance on a different level. For that purpose he offered to read as ordinance No. 8449 a package consisting of eight half sheets of paper, all the writing on which was in the same hand, except the small portions hereafter mentioned. The sheets were not paged or numbered, but were fastened together with two brass fasteners in the way that pleadings in court are often fastened together, and all folded together in four folds, and on and across the second fold, on the outside of the package thus formed, there was indorsed, " 8449. An ordinance for the establishing of the grades of certain streets. March 11th, 1873, Laid over. March 18th, 1873, Passed. J. Enright, C. C., E. 353." Counting from the inside, the first half sheet contained the following, viz:

"The elevations of the grade of State street above the city directrix shall be as follows:

| | | | |
|---|---|---|---|
| At the south line of the Levee | . . . | 20 feet. |
| At the center line of Seventh street | . . | 21 feet. |
| * * * * * * * | | |
| At the center line of Seventeenth street . | . | 30 feet. |

All adjacent grade points shall be connected by true planes.

All ordinances or parts thereof in conflict with the

foregoing ordinance are, insomuch as they conflict with the foregoing ordinance, hereby repealed."

The second half sheet contained the following, viz :

" The elevations of the grade of Bell street above the city directrix, shall be as follows :

| | |
|---|---|
| At the center line of Twelfth street . | feet. |
| At the center line of Fourteenth street . | 25 feet. |
| At the center line of Fifteenth street . . | 26 feet. |
| At the center line of Sixteenth street . . | 27 feet. |
| At the south line of Seventeenth street : . | 29 feet. |

All adjacent grade points shall be connected by true planes."

The third, fourth, fifth, sixth and seventh half sheets purported to fix the grades of Genesee, Wyoming, Liberty, Hickory and Mulberry streets in the same manner as the foregoing.

The eighth half sheet contained the following, viz :

"An ordinance to re-establish the grades of certain streets. Be it ordained by the common council of the City of Kansas: That the grades of streets as hereinafter mentioned shall be and the same are hereby re-established, as follows :

The elevation of the grade of Sante Fe street above the city directrix, shall be as follows :

| | |
|---|---|
| At the south line of the Levee . . | 22 feet. |
| At the center line of Eighth street . . | 23 5-10 feet. |
| At the center line of Kansas Avenue . | 28 feet. |

All adjacent grade points shall be connected by true planes. Approved March 19th, 1873.

R. H. HUNT, Mayor."

Plaintiff read in evidence the entries from the journal of the common council of the city as to the action of that body on the package 8449 as a bill, as follows : Under date of March 11th, 1873, "Alderman Fay introduced an ordinance establishing certain grades in West Kansas. Laid over." And under date of March 18th, 1873, " 8449. The ordinance to establish the grades of certain streets in West

Kansas, passed : Ayes—Weston, Horner, etc. Noes— Flynn, Diveley, etc." Plaintiff also read in evidence from record book E of ordinances of the city, page 353, the record of said package as an ordinance, with the No. " 8449 " at the beginning and end of the same, certified by the clerk as correct.

In connection with this documentary evidence plaintiff, against the defendant's objections, offered parol evidence tending to show that the package of papers numbered " 8449," was prepared by H. L. Marvin, while city engineer ; that said Marvin wrote the matter of said package on eight several half sheets of legal-cap paper, (except as hereinafter stated,) in the inverse order in which they now appear, counting from the inside to the outside, and fastened together the several half sheets of paper composing said package as they now are, and by mistake failed to reverse the half sheets before so fastening, so as to bring the present outside sheet on the inside ; that after so fastening together said half sheets, he folded the same and indorsed thereon the words: "An ordinance for the establishing of the grades of certain streets;" that said package, so fastened and indorsed, was introduced in the common council on March 11th, 1873, and on March 18th, 1873, was read by the city clerk by the title on the back of said package and passed by said title under the number " 8449 ;" that it was the intention of said Marvin to have the whole of said package passed as an ordinance ; that said package remained in its present condition in the proper custody of the city clerk until R. H. Hunt, the then mayor, wrote upon the inside of the last of said sheets composing said package the words, "Approved March 19th, 1873, R. H. Hunt, Mayor;" and that said mayor thereby intended to approve the whole of said package as an ordinance ; that after such approval the city clerk caused said package to be copied into the record of ordinances, and placed the number " 8449 " at the commencement and close of said record and certified to the correctness of said record ; that

at the time said package was introduced into the common council on March 11th, 1873, it was laid over, and the clerk indorsed thereon, in the regular course of his duty, the words—" March 11th, 1873, laid over ;" that at the meeting of the common council on March 18th, 1873, said package was read by its title and passed under number " 8449," and the city clerk in the regular course of his duty indorsed thereon the figures " 8449," and the words " Passed March 18th, 1873, J. Enright, C. C.," after which said Hunt wrote his approval.

*Bryant & Holmes, Gage & Ladd* and *R. O. Boggess* for appellant.

*J. Brumback* and *Gardner Lathrop* for respondent.

SHERWOOD, C. J.—The right of the plaintiff to recover and the consequent affirmance of the judgment in his favor, depends upon the point whether ordinance No. 8449 was written upon more than the eighth and last half sheet contained in the package. It is obvious to even casual observation that such half sheet is a complete and perfect ordinance in and of itself, and contains no reference or allusion to the seven other half sheets attached to it by brass fasteners. If the other half sheets lacked only the enacting clause, and were otherwise properly authenticated, we might, under the authority of the *City of St. Louis v. Foster*, 52 Mo. 513, hold that omission immaterial. But such is not the case here; the entries in the journal of the proceedings of the common council correspond with indorsements made upon the outside of the eighth and last half sheet. This leaves the seven other half sheets without any *indicia* of authenticity, unless it arises from the bare fact of their being attached to the eighth and last half sheet in the manner before mentioned. It would be going to a dangerous extreme to hold that any semblance of validity could be imparted or imputed to an instrument simply because it happens to be attached to one which has re-

ceived all the sanctions and bears the impress of all the tokens of legal completeness. Nor will it do to say that parol evidence is admissible to point out, explain, rectify and supply any omission sufficiently to authenticate an instrument intended for an ordinance. We are not aware of any authority that proceeds to the length that we would have to go in order to approve the action of the lower court, and if we did, we should not feel at liberty to follow it. Holding these views, we reverse the judgment. All concur.