CITY OF ST. LOUIS, Respondent, *v.* DORA GLEASON
ET AL., Appellants.

### January 15, 1884.

1. PLEADINGS — JURISDICTION. — Jurisdictional facts must be pleaded in actions in which the court exercises a special jurisdiction not according to the common law.

2. —— MUNICIPAL ORDINANCES — STREETS. — Municipal ordinances are presumptively valid, and facts showing the contrary must be pleaded in street opening proceedings.

3. AMENDMENTS — SERVICE — PRACTICE. — Defendants who are in court must take notice of amendments of the petition, and need not be again served with process.

4. —— JURISDICTION — STREETS — CONSTITUTIONAL LAW. — Under the constitution of 1875, the City of St. Louis had power to confer, by its charter, upon the circuit court, special jurisdiction in street opening proceedings, and to regulate the same.

5. —— JUDGMENTS. — A decree which is void for want of jurisdiction as to one of several defendants is void as to all.

APPEAL from the St. Louis Circuit Court, THAYER, J.
*Reversed and remanded.*

15a 25
31a 376

15 25
37 514

15 25
140m468

15 25
146m466
146m517

W. C. Marshall, for the appellants : These proceedings being *in invitum*, no presumptions of jurisdiction are made. Every fact necessary to jurisdiction must affirmatively appear. — *Kansas City R. R.* v. *Campbell*, 62 Mo. 585 ; *Cole* v. *Cole*, 3 Mo. App. 571 ; *In re Burmeister*, 56 How. Pr. 416. Where facts preliminary to an ordinance are required, their absence renders the ordinance void. And there is no "*prima facie* evidence" law to help this defect. — City Charter, Art.VI., sect. 2 (p.162,Rev.Ord.) ; *Reynolds* v. *Schweinefus*, 1 Sup. Ct. (Cin.) 113 ; *Perkinson* v. *Partridge*, 3 Mo. App. 60 ; Dillon Mun. Corp. (2d ed.), sect. 245, and cases there cited ; *The State* v. *City*, 56 Mo. 277. That these omissions render these whole proceedings void for want of jurisdiction of the subject-matter, see *The State* v. *St. Louis*, 67 Mo. 403 ; *Ellis* v. *Railroad Co.*, 51 Mo. 200. The amendment abandoned all former pleadings, and even where defendant has been personally served, no judgment can be rendered on an amendment pleading, without new service after such amendment. — *Janney* v. *Spedden*, 38 Mo. 395 ; *Ticknor* v. *Voorhis*, 46 Mo. 110 ; *Young* v. *Woolfolk*, 33 Mo. 110 ; *Hagood* v. *Hutton*, 33 Mo. 244 ; *Basye* v. *Ambrose*, 28 Mo. 39 ; *Neidenberger* v. *Campbell*, 11 Mo. 359. This would be true even if the defendants had appeared generally to the original petition, and *a fortiori*, is it true as to defendants who had not appeared, even if they had been served. — *Huff* v. *Shepard*, 58 Mo. 242 ; *Ellison* v. *Martin*, 53 Mo. 575.

Leverett Bell, for the respondent, cited *City of St. Louis* v. *Richeson*, 76 Mo. 470.

Thompson, J., delivered the opinion of the court.

This is a proceeding instituted by the city of St. Louis, under the provisions of its charter, and of an ordinance purporting to be passed in pursuance thereof, to establish and open Benton Street in said city, from Jefferson Avenue to Garrison Avenue. Commissioners were appointed, who

made a report to the court; exceptions were filed by certain property owners to the same; these exceptions were overruled, the report confirmed, judgment entered accordingly, and an appeal has been taken to this court.

I. The petition fails to show that the ordinance on which the proceeding is based was passed on the unanimous recommendation of the board of public improvements or on the petition of the owners of the major part of property fronting on the proposed street, as required by section 2, of Article VI., of the charter. Rev. Stats. 1606. This section reads as follows: "Whenever the assembly shall provide by ordinance for establishing, opening, widening, or altering any street, avenue, alley, wharf, market-place, or public square, or route, or sewer, or water-pipe, either on the unanimous recommendation of the board of public improvements, or on the petition of the owners of a major portion of the ground fronting thereon, and it becomes necessary for that purpose to appropriate private property, the city counsellor, in the name of the city of St. Louis, shall apply to the circuit court of the eighth judicial circuit, or to any one of the judges in vacation, by petition," etc. Unquestionably the proper reading of the above language is, that it is only upon an ordinance so passed that condemnation proceedings can be entertained by the circuit court. The question then is, whether, in order to give jurisdiction to the circuit court, to entertain a proceeding thereunder, it is necessary for the petition to show that the ordinance was passed, either on the unanimous recommendation of the board of public improvements or on the petition of the owners of a major portion of the ground fronting on the proposed street. It is a proceeding in which the circuit court exercises a special jurisdiction conferred by statute, in the exercise of which it does not proceed according to the course of the common law; and the rule in such cases is that the facts showing jurisdiction must

affirmatively appear. *Kansas City, etc., R. Co.* v. *Campbell,* 62 Mo. 585 ; *Cole* v. *Cole,* 3 Mo. App. 571 ; *Johnson* v. *Beazley,* 65 Mo. 250, 255 ; *Werz* v. *Werz,* 11 Mo. App. 26, 31 ; *Ells* v. *Pacific Railroad,* 51 Mo. 200. The ordinance recited in the petition as the foundation of the proceeding, does not state that it was passed " either on the unanimous recommendation of the board of public improvements, or on the petition of the owners of a major portion of the ground fronting on the proposed street ; nor does the petition state that such was the fact. If, therefore, the question were an open one, I should be disposed to think, as counsel for the appellants argue, that, in order to give the circuit court jurisdiction to condemn land in this summary mode, the city counsellor would have to exhibit in his petition an ordinance passed in pursuance of the charter provision above quoted. But the settled doctrine in this state is, that municipal ordinances, like acts of the legislature, are presumptively valid until the contrary appear ; that in legal proceedings where rights are asserted under an ordinance which, in order to be valid, must have been passed in a certain way, or the passage of which must have been preceded by certain prescribed conditions, it is not necessary for the plaintiff to show affirmatively that the ordinance was passed in the prescribed way, or that the conditions precedent to its validity had taken place. *Young* v. *St. Louis,* 47 Mo. 492 ; *St. Louis* v. *Foster,* 52 Mo. 513 ; *St. Louis* v. *Meyer,* 13 Mo. App. 367. If the ordinance was not so passed, and if the conditions precedent did not exist, that is special matter of defence to be pleaded and proved by the defendant. Where the objection to the validity of the ordinance relates to matter which is formal, and as to which the charter provision which may have been disregarded, is directory merely, such objection constitutes no defence ; but where the charter provision is a limitation upon the exercise of power, then it

s not doubted that such an objection, pleaded and proved, would constitute a good defence to a proceeding in which the city attempts the execution of the ordinance. *Perkinson* v. *Partridge,* 3 Mo. App. 60. In this case the objection was not pleaded as matter of defence, and, therefore, we must hold that it was not well taken.

II. The next objection is that, after the original petition had been filed and commissioners appointed thereunder, the court, on motion of the plaintiff, set aside the order appointing the commissioners, and allowed the plaintiff ten days' time in which to file an amended petition, which was done ; and that there was thereafter no new service of process or publication as to any of the defendants. It is argued that, this being a special proceeding, the filing of the amended petition is to be regarded as the commencement of a new suit ; that the jurisdiction which the court had acquired over the parties by the original service of process and publication was determined by the filing of the amended petition, and that it was necessary to bring them into court again in the manner prescribed by the charter. It is indeed held in Missouri that the filing of an amended pleading is an abandonment of the original pleading. *Ticknor* v. *Voorhies,* 46 Mo. 110, and other cases. But the idea that the filing of an amended petition is in effect the bringing of a new suit, is a novelty which is not sustained by one of the cases cited in the appellant's brief, nor by any other decision in this State of which we have knowledge. The general doctrine is that, when the parties have been brought before the court by service of process or by publication, they are there for every purposes of the proceeding until it ends. They must notice, without any further steps to give them notice, the amendments of the pleadings, and whatever other steps may be taken in the case until the final judgment. We know of no reason why this principle should not be applicable to special proceedings, as well as to ordinary actions.

III. The next objection is that it is not competent for the city of St. Louis, by a provision of its charter, to create a jurisdiction for the circuit courts of the state, or to enlarge the existing jurisdiction of such courts. In other words, the objection is that the only instrument conferring upon the circuit court of the city of St. Louis jurisdiction to entertain these condemnation proceedings, and regulating the exercise of such jurisdiction, is the charter of the city, which was not enacted by the legislature, but which was created by the people of the city, in the mode prescribed by the constitution of the state. We do not think this objection can possibly be held good. The most disastrous consequences to the city might follow if it were so held. The power conferred by the present charter upon the circuit court was conferred by former charters which were granted by the legislature. When the convention which framed the present constitution conferred upon the people of St. Louis the power of making their own charter, and of amending it in a prescribed mode, they could not have intended that the charter should be an instrument of inferior dignity to the former charters, which had been granted by the legislature. They excluded this idea in the provision that all courts should take judicial notice of it. They imposed no condition in respect of its validity, except that it should be " in harmony with and subject to the constitution and laws of Missouri." Const. Mo., Art. IX., sects. 20–25. Although created by a body specially chosen by the votes of the then city and county of St. Louis, and ratified by the vote of the people of the city, it is to be regarded in law as a grant from the state equally with a municipal charter conferred by an act of the legislature. There is nothing in the provisions which confer this jurisdiction upon the circuit court in conflict with the constitution and laws of the state. If necessary to uphold the jurisdiction, the circuit court of the city of St. Louis may be regarded, *pro hac vice*, as a court of the city. We reason, then, that it is

competent for the people of St. Louis to confer a special jurisdiction of this kind upon the circuit court of the city of St. Louis, if the constitution has empowered them to do so ; and we have no doubt that this power is fairly within the general grant of power to create for itself a charter, conferred upon the city of St. Louis by the constitution.

IV. If we are right in holding that it was competent for the city to confer jurisdiction, it equally follows that it was competent for the city to regulate its exercise; and, therefore, the objection that the provisions of the charter respecting the notice to be given, and other steps to be taken in the course of the proceeding, are not in conformity with the provisions of the practice act, which regulates civil actions in the circuit court, is not well taken.

V. The next objection made by the appellant is of more serious consequence. One of the defendants in the proceeding as originally commenced was John R. Scott. Summons having been returned, as to him and certain others, " not found," publication was ordered and made. Subsequently, the city counsellor filed an amended petition, which seems to have been, in all respects like the original, except, instead of the defendant John R. Scott, it substituted the unknown heirs of John R. Scott, and prayed for publication as to them. An order of publication was entered, but the record contains no evidence that such publication was ever, in fact, made. Nevertheless, the court proceeded to a decree upon the report of the commissioners, against the unknown heirs of John R. Scott, together with the other defendants. The decree was, for this reason, void as to the unknown heirs of John R. Scott, and, being void as to them, it must be set aside as to the others. *Market St. Bank* v. *Stumpe*, 2 Mo. App. 545, 548 ; *Holt County* v. *Harmon*, 59 Mo. 165, 172 ; *Smith* v. *Rollins*, 25 Mo. 408 ; *Pomeroy* v. *Betts*, 31 Mo. 419.

For these errors the decree is reversed and the cause remanded. All the judges concur.