The City of St. Louis v. Gleason *et al.*, *Appellants.*

1   City of St. Louis: CHARTER : CONDEMNATION PROCEEDINGS FOR
    STREET PURPOSES : JURISDICTION. A petition to the circuit court of the
    city of St. Louis, or one of the judges in vacation, under the city char-
    ter (R. S., 1879, 1606), for the condemnation of private property for
    street purposes must, in order to give jurisdiction of the proceeding,
    show that the city ordinance providing for opening the street was
    passed either on the unanimous recommendation of the board of
    public improvements, or on the petition of the owners of a major
    portion of the ground fronting on the proposed street.

2.  ———— : ———— : ————. The law authorizing condemnation pro-
    ceedings should be strictly construed and every pre-requisite to the
    exercise of the jurisdiction observed.

*Appeal from St. Louis Court of Appeals.*

REVERSED.

*W. C. Marshall* for appellants.

(1) These proceedings, being *in invitum*, no pre-
sumptions of jurisdiction are made. Every fact neces-
sary to jurisdiction must affirmatively appear. The
circuit court (in such proceedings as these) is regarded
as a court of special and limited jurisdiction. The peti-
tion must hence disclose all the facts which the city
charter or public law renders necessary as preliminary
to this proceeding. *Railroad v. Campbell*, 62 Mo.
585 ; *Cole v. Cole*, 3 Mo. App. 571 ; *In re Burmeister*,
56 How. Pr. 416.   (2) The petition in this cause fails to
show that the ordinance (on which this whole proceeding
rests) was passed on the unanimous recommendation of
the board of public improvements, or on the petition of
the owners of the major part of the property fronting on
the proposed street. Without such initiative, the ordi-
nance is utterly void. Where facts preliminary to an

ordinance are required their absence renders the ordinance void. And there is no *"prima facie* evidence" law to help this defect. That the omission of necessary preliminary facts makes the ordinance void, see City Charter, art. 6, sec. 2 (p. 162, Rev. Ord.); *Reynolds v. Schwein-efus,* 1 Sup. Ct. (Cin.) 113; *Perkinson v. Partridge,* 3 Mo. App. 60; Dillon Mun. Corp. (2 Ed.) sec. 245, and cases cited. *State v. City,* 56 Mo. 277. These omissions render these whole proceedings void for want of jurisdiction of the subject matter. *State v. St. Louis,* 67 Mo. 403; *Ellis v. Railroad,* 51 Mo. 200. (3) Mallinckrodt was not brought in by publication after the amended petition was filed. The amendment abandoned all former pleadings, and even where a defendant has been personally served no judgment can be rendered on an amended pleading without new service. *Janney v. Spedden,* 38 Mo. 395; *Ticknor v. Voorhis,* 46 Mo. 110; *Young v. Woolfolk,* 33 Mo. 110; *Hagood v. Hutton,* 33 Mo. 244; *Bayse v. Ambrose,* 28 Mo. 39; *Neidenberger v. Campbell,* 11 Mo. 359. (4) The city of St. Louis cannot create a jurisdiction for or enlarge that of the circuit courts of the state. It cannot compel the state to exercise part of its functions of government; for these proceedings (so far as the benefits are concerned) depend wholly on the taxing power. (5) These street openings are not "civil cases" as named in the constitution (art. 6, sec. 22). If they were, the jurisdictional presumptions would attach, which do not. *In re Buffalo,* 78 N. Y. 362; *Ellis v. Railroad,* 51 Mo. 200; *Railroad v. Campbell,* 62 Mo. 585. (6) There is no provision of the city charter, which, in any wise, authorizes the circuit court to make the summons or order of publication returnable at any other time than the beginning of a term.

*Leverett Bell* for respondent.

(1) The main questions herein have been determined against the appellants by this court in the case of *St. Louis v. Richeson*, 76 Mo. 470. (2) The point made that the commissioners were not duly qualified, is based on the record entry that the oath of one of the commissioners, John F. Grady, was filed, by leave of court, on July 13, 1881. The commissioners' report was filed December 18, 1879, and it was sworn to by the three commissioners, Priest, Green and Grady. The commissioners were appointed July 7, 1879, and on July 3I, 1879, two of them, Priest and Green, filed their oaths. There is no provision in the law governing street openings in St. Louis, requiring the commissioners to take and file an oath. See sections 2, 3, 4, 5, 6, 7, 8, 9, 10 of article 6 of the city charter, 2 R. S., p. 1606. The report is required by section six to be made under oath, and this feature was complied with. A further conclusive answer to this objection is, that in proceedings of this charter, the action of two commissioners is sufficient. *Quayle v. Railroad*, 63 Mo. 465.

HENRY, C. J.—The following is the statement of the case made by the court of appeals (15 Mo. App. 25), which we adopt : "This is a proceeding instituted by the city of St. Louis, under the provisions of its charter, and of an ordinance purporting to be passed in pursuance thereof, to establish and open Benton street in said city, from Jefferson avenue to Garrison avenue. Commissioners were appointed, who made a report to the court ; exceptions were filed by certain property owners to the same ; these exceptions were overruled, the report confirmed, judgment entered accordingly, and an appeal has been taken to this court.

"The petition fails to show that the ordinance on

which the proceeding is based was pased on the unanimous recommendation of the board of public improvements, or on the petition of the owners of the major part of the property, fronting on the proposed street, as required by section two of article six of the charter. 2 R. S., 1606. This section reads as follows : ' Whenever the assembly shall provide by ordinance, for establishing, opening, widening or altering any street, avenue, alley, wharf, market place or public square or route for sewer or water pipe, either on the unanimous recommendation of the board of public improvements, or on the petition of the owners of a major portion of the ground fronting thereon, and it becomes necessary for that purpose to appropriate private property, the city counsellor, in the name of the city of St. Louis, shall apply to the circuit court of the eighth judicial circuit, or to any one of the judges in vacation, by petition.' etc.

"The question, then, is (say the court of appeals) whether, in order to give jurisdiction to the circuit court to entertain a proceeding thereunder, it is necessary for the petition to show that the ordinance was passed, either on the unanimous recommendation of the board of public improvements, or on the petition of the owners of a major portion of the ground fronting on the proposed street. It is a proceeding in which the circuit court exercises a special jurisdiction conferred by statute ; and the rule in such cases is that the facts showing jurisdiction must affirmatively appear (citing cases which abundantly support the proposition). The ordinance recited in the petition, as the foundation of the proceeding, does not state that it was passed, either on the unanimous recommendation of the board of public improvements, or on the petition of the owners of a major portion of the ground fronting on the proposed street ; nor does the petition state that such was the fact. If, therefore, the question were an open one, I should be disposed to think  *  *  *  that, in order to

give the circuit court jurisdiction to condemn land, in this summary mode, the city counsellor would have to exhibit in his petition an ordinance, passed in pursuance of the charter provision above quoted."

The court then proceeds to state that a different doctrine had been announced by this court, in the cases of · *Young v. St. Louis*, 47 Mo. 492 ; *St. Louis v. Foster*, 52 Mo. 513, and *St. Louis v. Meyer*, 13 Mo. Ap. 367. We do not understand either of the two cases first above cited to decide the question involved here. In *Young v. St. Louis*, the law provided that, "Whenever the city council shall, by a vote of two-thirds of all the members elected, declare the laying of water pipe to be necessary, the board of commissioners shall cause the same to be laid." There the body authorized to order the work done, was authorized to act, without the intervention of any other body, and it might well be, as held by this court, that "The city council, in passing the ordinance, necessarily exercised the discretionary power given by the statute, and must be presumed to have formed an opinion of the necessity or desirableness of the improvement." But in the case at bar the assembly had no power to act, no jurisdiction over the subject matter, until directed to act by the board of public improvements, or the owners of a major portion of the ground fronting on the proposed street. Until such action was taken by the board of public works, or the owners of the ground, there was no authority in the assembly to pass the ordinance. The case of *City of St. Louis v. Foster*, 52 Mo. 513, involved the validity of an ordinance which was questioned because the ordaining clause had been omitted. The charter required that the style of the ordinances passed by the city of St. Louis should be as follows : "Be it ordained by the city council of the city of St. Louis," but, said this court, "It was clearly decided in *Railroad v. The Governor*, 23 Mo. 353, that the validity of a statute, authenticated

in the manner pointed out by law, could not be impeached by showing a departure from the forms prescribed by the constitution in the passage of the law."

The question determined in that case has but slight analogy to that involved in this, and is by no means decisive of the latter. Condemnation proceedings, if regular, deprive the owner of his property without his consent. The law authorizing them should be strictly construed, and every pre-requisite to the exercise of the jurisdiction observed. When the power to condemn is vested in one tribunal, it cannot be exercised by another, and when two or more are required to act conjointly, less than the whole number cannot condemn. Dillon on Mun. Corp., sec. 604, and cases there cited.

On other questions in this case, determined by the court of appeals, except that in relation to the amendment, upon which we concur in the conclusion, we concur with them, but differing with them on the vital question involved, we reverse judgment and remand the cause to that court. All concur.