City of St. Louis v. Gleason.

THE CITY OF ST. LOUIS v. GLEASON *et al.*, *Appellants.**

1.  Condemnation Proceedings.  Condemnation proceedings, if
    regular, deprive the owner of his property without his consent.

2.  ——— : JURISDICTION.  The law authorizing condemnation proceed-
    ings should be strictly construed, and every prerequisite to the
    exercise of the jurisdiction observed.

3.  ———.  When the power to condemn is vested in one tribunal, it
    cannot be exercised by another, and when two or more are re-
    quired to act conjointly, less than the whole number cannot con-
    demn.

4.  ——— : ST. LOUIS : OPENING STREET : CHARTER.  The petition to the
    circuit court, in a proceeding to establish and open a street under
    section 2, of article 6, of the charter of the city of St. Louis (2 R.

* Withheld upon motion for rehearing.

S., p. 1606), must show that the ordinance was passed upon the unanimous recommendation of the board of public improvements, or upon the petition of the owners of a major portion of the ground fronting on the proposed street.

5. —— : —— : —— : JURISDICTION. The circuit court, in such a proceeding, exercises a special jurisdiction, conferred by statute, and the facts showing jurisdiction must affirmatively appear.

*Appeal from St. Louis Court of Appeals.*

REVERSED AND REMANDED.

*W. C. Marshall* for appellants.

(1) These proceedings being *in invitum*, no presumptions of jurisdiction are made. Every fact necessary to jurisdiction must affirmatively appear. The circuit court (in such proceedings as these) is regarded as a court of special and limited jurisdiction. The petition must hence disclose all the facts which the city charter or public law renders necessary as preliminary to this proceeding. *Railroad v. Campbell*, 62 Mo. 585; *Cole v. Cole*, 3 Mo. App. 571; *In re Burmeister*, 56 How. Pr. 416. (2) The petition in this cause fails to show that the ordinance (on which this whole proceeding rests) was passed on the unanimous recommendation of the board of public improvements, or on the petition of the owners of the major part of the property fronting on the proposed street. Without such initiative, the ordinance is utterly void. Where facts preliminary to an ordinance are required, their absence renders the ordinance void. And there is no "*prima-facie* evidence" law to help this defect. That the omission of necessary preliminary facts makes the ordinance void, see City Charter, art. 6, sec. 2, p. 162, Rev. Ord.; *Reynolds v. Schweinefus*, 1 Sup. Ct. [Cin.] 114; *Perkinson v. Partridge*, 3 Mo. App. 60; Dillon Mun. Corp. [2d Ed.] sec. 245, and cases there cited; *State v. City* 56 Mo. 177. Those omissions render these whole pro-

ceedings void for want of jurisdiction of the subject-matter. *State v. St. Louis*, 67 Mo. 403 ; *Ellis v. Railroad*, 51 Mo. 200.

*Leverett Bell* for respondent.

(1) The main questions herein have been determined against the appellants by this court in the case of *St. Louis v. Richeson*, 76 Mo. 470.   (2) The point made, that the commissioners were not duly qualified, is based on the record entry, that the oath of one of the commissioners, John F. Grady, was filed, by leave of court, on July 13, 1881.   The commissioners' report was filed Dec. 18, 1879, and it was sworn to by the three commissioners, Priest, Green, and Grady.   The commissioners were appointed July 7, 1879, and on July 31, 1879, two of them, Priest and Green, filed their oaths.   There is no provision in the law governing street openings in St. Louis, requiring the commissioners to take and file an oath.   See secs. 2, 3, 4, 5, 6, 7, 8, 9, 10, of article 6 of the City Charter; 2 R. S., p. 1606.   The report is required, by section 6, to be made under oath, and this feature was complied with.   A further conclusive answer to this objection is, that in proceedings of this character, the action of two commissioners is sufficient.   *Quayle v. Railroad*, 63 Mo. 465.

HENRY, C. J.—The following is the statement of the case made by the court of appeals (15 Mo. App. 26), which we adopt:

"This is a proceeding instituted by the city of St. Louis, under the provisions of its charter, and of an ordinance purporting to be passed in pursuance thereof, to establish and open Benton street, in said city, from Jefferson avenue to Garrison avenue.   Commissioners were appointed, who made a report to the court ; exceptions were filed by certain property owners to the same ; these exceptions were overruled, the report confirmed,

judgment entered accordingly, and an appeal has been taken to this court.

"The petition fails to show that the ordinance on which the proceeding was based was passed on the unanimous recommendation of the board of public improvements, or on the petition of the owners of the major part of the property fronting on the proposed street, as required by section 2, of article 6, of the charter. 2 R. S., p. 1606. This section reads as follows: 'Whenever the assembly shall provide, by ordinance, for establishing, opening, widening, or altering any street, avenue, wharf, market place, or public square, or route for sewer or water pipe, either on the unanimous recommendation of the board of public improvements, or on the petition of the owners of a major portion of the ground fronting thereon, and it becomes necessary, for that purpose, to appropriate private property, the city counsellor, in the name of the city of St. Louis, shall apply to the circuit court of the eighth judicial circuit, or to any one of the judges in vacation, by petition,' etc.

"The question, then, is (say the court of appeals), whether, in order to give jurisdiction to the circuit court to entertain a proceeding thereunder, it is necessary for the petition to show that the ordinance was passed, either on the unanimous recommendation of the board of public improvements, or on the petition of the owners of a major portion of the ground fronting on the proposed street. It is a proceeding in which the circuit court exercises a special jurisdiction, conferred by statute, and the rule, in such cases, is, that the facts showing jurisdiction must affirmatively appear. (Citing cases which abundantly support the proposition).

"The ordinance recited in the petition, as the foundation of the proceeding, does not state that it was

passed, 'either on the unanimous recommendation of the board of public improvements, or on the petition of the owners of a major portion of the ground fronting on the proposed street;' nor does the petition state that such was the fact. If, therefore, the question was an open one, I should be disposed to think * * * that, in order to give the circuit court jurisdiction to condemn land, in this summary mode, the city counsellor would have to exhibit, in his petition, an ordinance, passed in pursuance of the charter provision above quoted."

The court then proceeds to state that a different doctrine had been announced by this court, in the cases of *Young v. St. Louis*, 47 Mo. 492; *St. Louis v. Foster*, 52 Mo. 517, and *St. Louis v. Meyer*, 13 Mo. App. 367. We do not understand either of the two cases first above cited to decide the question involved here. In *Young v, St. Louis, supra*, the law provides that, "whenever the city council shall, by a vote of two-thirds of all the members elected, declare the laying of water pipe to be necessary, the board of commissioners shall cause the same to be laid." There the body authorized to order the work done was authorized to act, without the intervention of any other body, and it might well be, as held by this court, that "the city council, in passing the ordinance, necessarily exercised the discretionary power given by the statute, and must be presumed to have formed an opinion of the necessity or desirableness of the improvement."

But, in the case at bar, the assembly had no power to act—no jurisdiction over the subject-matter—until directed to act by the board of public improvements, or the owners of a major portion of the ground fronting on the proposed street; until such action taken by the board of public works, or the owners of the ground, there was no authority in the assembly to pass the ordinance. The case of *City of St. Louis v. Foster*, 52 Mo. 513, involved the validity of an ordinance, which was

questioned, because the ordaining clause had been omitted. The charter required that the style of the ordinances passed by the city of St. Louis should be as follows: "Be it ordained by the city council of the city of St. Louis," but, said the court, "it was clearly decided, in *Pacific Railroad v. The Governor*, 23 Mo. 353, that the validity of a statute, authenticated in the manner pointed out by law, could not be impeached by showing a departure from the form prescribed by the constitution in the passage of the law." The question determined in that case has but slight analogy to that involved in this, and is by no means decisive of the latter.

Condemnation proceedings, if regular, deprive the owner of his property without his consent. The law authorizing them should be strictly construed, and every prerequisite to the exercise of the jurisdiction observed. When the power to condemn is vested in one tribunal, it cannot be exercised by another, and when two or more are required to act conjointly, less than the whole number cannot condemn. Dillon on Mun. Corp., sec. 604, and cases there cited. On other questions in this case determined by the court of appeals, except that in relation to the amendment, upon which we concur in the conclusion, we concur with it, but differing from it on the vital question involved, we reverse judgment and remand the cause to that court. All concur.