# CITY OF ST. JOSEPH v. TRUCKENMILLER,
Appellant.

### Division One, June 20, 1904.

1. **CONDEMNATIONS: Returns in Vacation: City of Second Class.** The summons in a condemnation case begun by a city of the second class to open a public street, may, under the general charter of such cities, be made returnable by the judge of the court in vacation, and is not void because not made returnable at the beginning of the next term.

2. ———: **Meeting of Assembly: Appropriating Damages.** Where the statute requires the city council to appropriate the damages and costs at the first session after the city clerk reports to it the judgment of the court in a condemnation proceeding, an appropriation made at any one of seven meetings of that session is a compliance with the statute in that regard.

3. ———: **In Vacation: Judicial Power.** A statute authorizing the judge of the circuit court to perform certain matters of procedure in vacation as preliminary to a final hearing in the court on a condemnation proceeding, does not violate the constitutional provision which vests the judicial power in circuit and other courts.

4. ———: **Due Process of Law.** The provisions of our statutes concerning the condemnation of private property for public use, do not deprive the property owner of due process of law, where he has notice and his day in court.

Appeal from Buchanan Circuit Court.—*Hon. W. K. James,* Judge.

AFFIRMED.

*Chas. C. Crow* for appellant.

(1) The statute does not make the taxbills prima facie evidence and, therefore, all the proceedings must be alleged in a petition to enforce payment. R. S. 1899, section 5648, et seq.; St. Louis v. Rankin, 96 Mo.

507; Haegelee v. Mallinckrodt, 46 Mo. 577. (2)   (a)
Insofar as the statutes (5648, et seq.) provide that pro-
ceedings may be had before a judge in vacation, the
same are void.   The question to be decided was whether
the property was being taken for a public purpose.   The
question in all such cases is a judicial question and can
not be adjudicated by a judge in vacation.   State ex
rel. v. Woodson, 161 Mo. 444; Constitution, sec. 20, art.
2.   (b)   Under the statutes the circuit court was the
only tribunal that could adjudicate the questions in-
volved, and an attempt by the judge in vacation to do so
was void.   Constitution, sec. 1, art. 6; State ex rel. v.
Woodson, 161 Mo. 444.   (c)   If the judge could not
adjudicate the question as to whether the property was
being taken for a public purpose, then he could not sum-
mon defendant to appear and continue him into a term
of court.   A person must have his day in court, and the
only way to secure jurisdiction is to summon him to ap-
pear in a court or by his voluntary appearance in court.
State ex rel. v. Woodson, supra.   (d)   It would be ab-
surd to say that a judge could summon a defendant to
appear before him in vacation when he had no authority
whatever to adjudicate defendant's rights, and yet that
such judge could continue the case to a time and place
where there was authority to adjudicate defendant's
rights, and all without the consent of the defendant.
Can there be a law in existence that would impose such
a burden?   If so, then a person who is notified to appear
before a judge for the purpose of showing cause why a
temporary injunction should not be issued is in court
and is bound by all proceedings thereafter; such a rul-
ing would be a great surprise to the bar and would be
in violation of the constitutional provision against de-
priving a person of his property without due pro-
cess of law.   Constitution, sec. 30, art. 2; Holliday
v. Cooper, 3 Mo. 286.   (e)   We have here a final
judgment of a court against defendant although de-
fendant has at no time received notice that a court

would attempt to adjudicate his rights.   The action of the court was a final judgment and conclusive on all who were before the court, but if this defendant is bound, then the belief that our rights are protected is an idle dream.   Eyssell v. City, 168 Mo. 607. (3)   Under the statute the "common council shall at its first session thereafter make an appropriation for the payment," etc.   "Any failure of the common council to act within the time specified shall operate as a dismissal of the cause."   The court found as a fact that the common council did not act in accordance with the provisions of the statute, but did act at its seventh meeting thereafter; can this court permit a positive requirement of a statute to be disregarded in this manner and affirm the judgment squarely in face of such statute?   If·so, it will be the first case reported in this State where the positive mandate of the Legislature was wholly disregarded.   R. S. 1899, sec. 5656.

*James M. Wilson* and *G. L. Zwick* for respondent.

(1)   Revised Statutes 1899, sections 5648, 5649 and 5650, provide that in proceedings for opening or widening streets, after the passage of an ordinance for that purpose, the city counselor shall, by petition, apply to the circuit court or to the judge in vacation for an order appointing commissioners; and that upon the filing of such petition summons shall be issued giving defendants at least ten days' notice of the time when said petition will be heard, and that the court or judge thereof in vacation, on being satisfied that due notice of the pendency of the petition has been given, shall appoint commissioners.   Under the above statutory provisions the defendant was, in contemplation of law, before the judge on the sixth day of September, 1900, by virtue of the service upon him, and the order appointing commissioners might then have been made if all the other defendants had been served, and that being true, the judge could defer making the order to a later date, to which

time he could and did continue the hearing. The determination of the question what property was benefited,. and the amount of benefits was not a judicial inquiry,. but was the exercise of legislative power, and "due process of law" was not essential. The legislative authority may prescribe the manner of the notice, and when the assessment is made in conformity to its requirements it is final, conclusive and binding. St. Louis v. Rankin, 96 Mo. 505; Moberly v. Hogan, 131 Mo. 23; Springfield to use v. Weaver, 137 Mo. 672; 10 Am. and Eng. Ency. Law (2 Ed.), 308. Due process of law does not imply that in every case the parties interested shall have a hearing in court. 10 Am. and Eng. Ency. Law (2 Ed.), 300; McMillan v. Anderson, 95 U. S. 37. (2) The Common Council did, at its first meeting, after the filing with them of the report of the city clerk, introduce an ordinance appropriating the money awarded by the commissioners to persons whose property was taken, and said ordinance was properly referred to a committee for a report thereon, and there was no failure of the Common Council, within the meaning of the law, which operated as a dismissal of the proceedings. The law required that all ordinances be read at three stated meetings and be reported upon by a committee before its final passage. Laws 1901, p. 57.

MARSHALL, J.—This is a consolidation of the case of City of St. Joseph v. Martin Truckenmiller, with the case of Martin Truckenmiller v. City of St. Joseph, both of which cases were pending in the circuit court of Buchanan county. The first-named and above-styled case is a suit to enforce a special taxbill for $50 against a certain lot belonging to the defendant, for special benefits arising to it by the opening and extension of Thirteenth street, in the city of St. Joseph. The case of Martin Truckenmiller v. City of St. Joseph is a bill in equity to declare said taxbill void and to enjoin its collection, and to cancel the same as a cloud upon the plain--

tiff's title to the land. The case is predicated upon the ground that the summons was issued and made returnable by the judge in vacation, and not by the court in term time, and because sections 5648 to 5657, Revised Statutes 1899, under which the condemnation case was conducted, are violative of section 1, article 6, and section 30, article 2, of the Constitution of this State. It was agreed that the petition in the equity case should be regarded as the answer to the suit at law. In consequence of the premises, a constitutional question was raised by the defendant in the trial court, and that question having been decided against the defendant, the case is properly before this court, on the defendant's appeal. So far as they are essential to the determination of the case, the facts will be stated in the course of the opinion.

I.

The city of St. Joseph was, at the time of these proceedings, a city of the second class, under article 3, chapter 91, Revised Statutes 1899. The Common Council properly and regularly adopted an ordinance for the opening and extension of Thirteenth street; which ordinance was in all respects in compliance with the law governing such proceedings. Thereupon, the city instituted a condemnation proceeding in the circuit court to carry into effect the provisions of the ordinance. Upon the filing of the petition, the judge of the circuit court, in vacation, ordered a summons to issue against the defendants, the defendant Truckenmiller among them, returnable more than ten days thereafter, and in vacation instead of to the beginning of a term. The defendant Truckenmiller was personally served with a copy of such summons. Upon the return day it appeared that all of the defendants had not been served, so an order of publication was granted as to such unserved defendants, and the cause was continued for further proceedings until the first day of the next regular

term of the court.   During that term and after all the
defendants had been served, the court appointed com-
missioners.   Thereafter the commissioners heard the
case and made their report, the report was accepted by
the city, no exceptions were filed, the court entered a
judgment approving the report, and among other
things, assessed the benefits in question as a special lien
against the defendant's lot, the judgment was certified
to the city clerk and by him entered in the tax book as
required by law, and reported. to the Common Council
and at its first session thereafter it made an appropria-
tion to pay the damages and costs.   In short, all the
various steps required and provided by law were prop-
erly and regularly taken, and the taxbill not having been
paid, the city instituted suit to enforce it.

The first contention of the defendant is that the
summons in the condemnation case was made returnable
in vacation and not at the beginning of a term, and,
therefore, the taxbill sued on is void.   Sections 5648 to
5658, Revised Statutes 1899, under which the proceed-
ings were had in the condemnation case, are in all essen-
tial particulars like sections 2 to 12 of article 6 of the
charter of the city of St. Louis, and were evidently bor-
rowed bodily from the St. Louis charter.

The question here raised, together with the right
to have different proceedings in such condemnation
cases from the proceedings in ordinary civil actions, was.
expressly raised in City of St. Louis v. Gleason, 15 Mo.
App. l. c. 30; s. c., 89 Mo. 67; s. c., 93 Mo. 33, brief of
counsel for appellant, point 6, 89 Mo. at page 68, and was
there held to be untenable.   The Court of Appeals held
that the authority was specially conferred upon the court
by the charter of St. Louis and that the power to confer
jurisdiction in such cases carried with it the power to
regulate its exercise, saying:   "And, therefore, the ob-
jection that the provision of the charter respecting the
notice to be given, and other steps to be taken in the
course of the proceeding, are not in conformity with the

provisions of the practice act, which regulates civil actions in the circuit court, is not well taken.''

Here the jurisdiction is conferred, and all matters of practice in such cases is conferred, by a general law of the State. It was competent for the General Assembly to authorize all the preliminary proceedings prior to the hearing of the exceptions and the entry of the judgment, to be conducted in vacation. [State ex rel. v. Woodson, 161 Mo. 444.]

The defendant in this case seems to have been charged alone with benefits. It does not appear that his property was taken. Yet he was made a party defendant and personally summoned. Ordinarily the only notice persons, whose land is not taken, but only benefited, get, is by publication of the boundaries of the benefit district, which is held to be due process of law in this State. [City of St. Louis v. Ranken, 96 Mo. 505; see, also, Eyssell v. St. Louis, 168 Mo. 607.]

This results in holding that the first point made by defendant is untenable.

## II.

The defendants further contend that the taxbill is void because the Common Council did not appropriate the damages and costs at its first session after the city clerk reported the judgment to it, as required by section 5656, Revised Statutes 1899.

This is a misapprehension. The judgment was rendered on April 3, 1901. A certified copy was sent to the city clerk on April 19, 1901. He reported it to the Common Council on April 22, and an appropriation ordinance was introduced in the council on that day, which was passed May 7, 1901. There were seven meetings of the municipal assembly between April 22 and May 7, 1901, but they were held at the same session of the assembly, and it is the session and not the several meetings during the session, that the law has reference to. [R. S. 1899, sec. 5507.]

### III.

Finally it is insisted that the statutes regulating condemnation cases by cities of the second class violate section 1 of article 6, and section 30 of article 2 of the Constitution of this State. Section 1 of article 6 provides in what courts the judicial power of the State shall be vested. Among those courts is the circuit court. That court exercised jurisdiction in the condemnation case. What the judge did in vacation related to mere matters of procedure prior to the hearing and judgment. The statutes, therefore, do not offend against this provision of the Constitution.

Section 30 of article 2 provides: "That no person shall be deprived of life, liberty or property without due process of law." The defendant was made a party to the condemnation case and was personally served. The proceedings had in that case were such as the law provides for all such cases. The defendant had a day in court. He did not avail himself of it. He had the benefit of due process of law. [Hunt v. Searcy, 167 Mo. l. c. 177; Eyssell v. St. Louis, 168 Mo. 607.]

The judgment of the circuit court is right and is affirmed.

All concur.