NEISER, *Appellant*, v. THOMAS *et al.*

1. **Equity**: CONTESTED ELECTION. Equity will not determine contested election cases.

2. ——— : ———. This rule applies where the proceeding, though not in form, is in effect a contested election case.

3. ——— : ———. But *semble* that a court of equity has the power to entertain such a proceeding even as to an election case as will prevent a flagrant fraud upon the public.

*Appeal from St. Louis City Circuit Court.*—HON. L. B. VALLIANT, Judge.

AFFIRMED.

*W. C. Marshall, Geo. W. Lubke* and *E. J. White* for appellant.

(1) The circuit court had jurisdiction to hear and determine this case and to grant the injunction. R. S. 1879, sec. 2722; *Overall v. Ruenzi*, 67 Mo. 207; *Damschroeder v. Thias*, 51 Mo. 104; *Miller v. Lowry*, 5 Phila. 202; *Kerr v. Trego*, 47 Pa. St. 292; *Ewing v. Thompson*, 43 Pa. St. 372; *State v. Funk*, 17 Iowa, 365;

*State v. Board*, 36 Wis. 498; *O'Farrall v. Colby*, 2 Minn. 180; *People v. Nordheim*, 99 Ill. 553; *State v. Curators*, 57 Mo. 178; *Hitchcock v. St. Louis*, 49 Mo. 484. (2) The injury to the public would be irreparable, in a legal sense, if this injunction is not sustained, and in such cases injunction is the proper remedy. A public right and a public duty is involved in this case. *McPike v. West*, 71 Mo. 199; *Harris v. Board*, 22 Mo. App. 462; *State ex rel. v. Francis*, 95 Mo. 48.

*Rassieur & Schnurmacher* and *Thos. C. Fletcher* for respondent.

There is no equity in the bill. Equity has no jurisdiction to try an election contest for office. High on Injunctions, secs. 1312, 1313, 1250; *Cochran v. McCleary*, 22 Ia. 75; *Hagner v. Heyberger*, 7 Watts and S. [Pa.] 104; *Moulton v. Reid*, 54 Ala. 320; *Markle v. Wright*, 13 Ind. 548; *Hinckley v. Breen*, 55 Conn. 119; *Attorney General v. Bank of Utica*, 2 Johns. Ch. 371; *Boren v. Smith*, 47 Ill. 482; *Moore v. Hoisington*, 31 Ill. 243; *Frey v. Michie*, 36 N. W. Rep. [Mich.] 184.

SHERWOOD, J.—The petition alleges that the plaintiff is now the regularly elected and duly qualified marshal of the city of St. Louis, and has been such for the last four years, having been elected to such position, at the city election in 1885, for a term of four years, and possessing all the qualifications prescribed by law therefor; that, by the provisions of section 1, article 4, of the charter of the city of St. Louis, he is entitled to hold said office for four years from the date of said election, and until his successor shall be duly elected and qualified; that, at the election for city officers, held on April 2, 1889, the defendant, Emil Thomas, was a candidate for the office of marshal of the city of St. Louis; that he claims to have been elected at said time to said office; that, by the provisions of section 10,

article 4, of the charter of the city of St. Louis, it is provided that "all elected and appointed officers shall possess the following qualifications: They shall have been citizens of the United States and of the city of St. Louis for at least two years previous to their election or appointment, and shall be able to read and write the English language. They shall not, at the time of their election, be in arrear to the city for taxes, or indebted to the city in any way," etc.; that, at the time of the said election, held on the second day of April, 1889, said defendant, Emil Thomas, did not possess the qualifications prescribed by said charter of the city of St. Louis, in this: That he was in arrears to the city for taxes, and was indebted to the city for, to-wit: The taxes which were regularly, legally and properly assessed against him for the year 1885, on five hundred dollars of property; 1886, on five hundred dollars of property; 1887, on four hundred dollars of property; 1888, on one thousand dollars of property; that the taxes for the year 1888 amounted to twenty-three dollars, for the year, 1887, to ten dollars, for the year 1886, to $12.75, for the year 1885, to $12.75; that all of said taxes were at said time payable and past due, and were at the time of said election on April 2, 1889, and at the time of the filing of the petition, still unpaid; that, at the time of said election, defendant Thomas did not possess the qualifications for said office of marshal, prescribed by said charter, in this, that, on or about the tenth day of August, 1885, said defendant became indebted to the city of St. Louis for and on account of a license to keep a saloon in the city of St. Louis, to-wit: In the alley between Olive and Pine and Seventh and Eighth streets of said city, for, to-wit, the sum of $279.50. Said defendant opened a saloon, and did business as a saloon keeper in said city at said place from, to-wit, the tenth day of August, 1885, until, to-wit, the first of April, 1886, and which license for said saloon became due and

payable to the city of St. Louis, on, to-wit, the tenth day of August, 1885, according to the provisions of chapter 37, article 2, sections 1 to 7, inclusive, of the revised ordinances of the city of St. Louis (1881); that, at the time of said election, said Thomas did not possess the qualifications prescribed by said charter for said office, in this : That, at the time of said election, Thomas had not been a citizen of the city of St. Louis for at least two years previous to said election; that the defendant Williams is the duly appointed and qualified recorder of voters of the city of St. Louis, and as such is charged, empowered and authorized by law to issue certificates of election to all persons elected to any city office, the office of marshal included; that said Williams is about to issue to said Thomas a certificate of election to the office of marshal of the city of St. Louis.

The prayer of the petition is for an injunction perpetually restraining the defendant Thomas from receiving such certificate of election, and defendant Williams, said recorder of voters, from issuing to said Thomas any certificate of election as marshal of the city of St. Louis, in pursuance of said election of April 2, 1889, and for a temporary restraining order.

The circuit court granted a temporary restraining order on the fourth of April, 1889. Thereafter defendant Williams demurred to the petition on the following grounds : *First.* The court has no jurisdiction in the premises. *Second.* There is no equity in the petition. *Third.* The petition states no cause of action, nor does it allege any ground entitling plaintiff to relief. *Fourth.* The petition shows on its face that plaintiff is not entitled to the relief sought.

Defendant Thomas demurred to the petition on the following grounds : (1) The petition fails to state facts sufficient to constitute a cause of action. (2) There is no equity in the petition. (3) Upon the facts alleged, the plaintiff is not entitled to the relief prayed, nor to any relief.

The demurrers coming on to be heard, the petition was adjudged insufficient, and, the plaintiff declining to plead further, the petition was dismissed, the temporary injunction dissolved, and the cause was appealed to this court.

The correctness of the action of the lower court in dissolving the injunction and dismissing the petition is thus brought in question, and the whole cause turns ·upon the jurisdiction of the court, as a court of *equity*, to hear and determine, and to hear and determine *finally*, the matters and things alleged in the petition, and admitted by the demurrers to be true.

The uniform rule is, that equity will not interfere in cases of contested elections, even in a collateral or indirect proceeding, as in a bill to enjoin. The authorities on this point are extensively cited in the brief of counsel. This results in denying the jurisdiction of the circuit court in the case at ·bar. And it is very clear that there exists no necessity, in the present instance, for the ·interposition of a court of equity. This is sufficient to forbid such interposition where an adequate remedy exists at law, unless where equity and law have concurrent jurisdiction.

If plaintiff had been proceeded against by Thomas by *quo warranto*, he could have successfully defended himself by alleging and proving such facts as are set forth in the petition, and this is true whether the proceedings be instituted by the proper officer *ex officio*, or at the instance of a private party. *State ex rel. v. Vail*, 53 Mo. 97, and cases cited.

It is strenuously insisted *that this is not a contested election case*, and, therefore, the authorities cited by adversary counsel do not apply. To this contention, it may be said that, though not actually a contest for the office of marshal, this proceeding is such a contest *in effect*, and it would require, before a final decree were entered in plaintiff's behalf, as prayed by him, that the

defendants should stand upon their demurrers, or that an investigation should be had into the facts, and the eligibility of Thomas to the office of marshal should be determined.   If this could occur, it would, to all intents and purposes, transform this proceeding into one possessing all the attributes of a proceeding by *quo warranto*, and of a contested election case.

We do not see that Revised Statutes, 1879, section 2722, enlarges the jurisdiction of a court of equity in so far as concerns this case, or, for that matter, of any case where the remedy at law is adequate and ample.

But, while making the foregoing remarks, we are not to be understood as intimating that a court of equity has not power even in an election case, contested or otherwise, to take such steps and to issue such process, if need be, as will prevent some flagrant fraud on the public from being successful.   To deny the power to grant such preventive relief in a case, the exigency of which demands it, would be to admit a most serious defect in the form and structure of our government; an admission we are not prepared to make. ·

As this case presents no such features of exigency, we shall affirm the judgment. All concur, but BARCLAY, J., who dissents.