ALEX LONG ET AL., Appellants, v. CONSOLIDATED SCHOOL DISTRICT No. 7, Kingsville, Johnson County ET AL.—53 S. W. (2d) 867.

Division One, October 3, 1932.

*T. N. Haynes* for appellants.

*W. E. Suddath* for respondents.

GANTT, J.—Proceeding in equity to contest an election at which was submitted a proposition to issue bonds of a school district in the sum of $15,000 to be used in purchasing land, building thereon a school building and equipping same for school purposes. A demurrer to the petition was sustained on the ground that the court had no jurisdiction of the subject of the action. Plaintiffs refused to further plead, judgment for defendants, and plaintiffs appealed.

In substance, the petition alleged that defendant district was in Johnson County; that defendants McWethy, Bay, Morris, Clark, Hobbs and Hampton were its directors; that defendant Wells was the county clerk, and defendant Redford the county treasurer of said county, and that defendant Thompson was the State Auditor of Missouri. It further alleged that plaintiffs were resident taxpayers of the district; that they prosecuted the suit for themselves and other resident taxpayers; that on August 27, 1931, an election was held in said district to vote on the proposition above set forth; that the judges and clerks of said election certified that the total vote was 511; that 350 voted for the proposition and 161 against the proposition; and that the board of directors declared the proposition carried. It further alleged that many disqualified voters (naming them) were permitted to vote, who voted in favor of the proposition; that qualified voters (naming them) were not permitted to vote, who would have voted against the proposition; that less than 306 voted for the proposition, and 205 voted against the proposition; that the judges and clerks falsely certified the votes for and against the proposition; that two-thirds of the qualified voters of the district did not vote for the proposition, and that the certified returns of said election were the result of fraud (set forth at length in the petition) on the part of the directors, judges and clerks. It further alleged that defendants were about to provide for the sale of said bonds and for levying taxes to pay same; that unless restrained, they would do so and that plaintiffs were without legal remedy. Wherefore, they prayed that the election be held void and defendants restrained from, in due course, issuing and registering said bonds or extending and levying taxes to pay same.

██ There is no legislative provision for contesting an election of this kind. In this situation plaintiffs contend that a court of equity has jurisdiction, if fraud enters into and materially affects the result of the election.

In making this contention plaintiffs are confronted with the decision of this court in State ex rel. Wahl v. Speer, 284 Mo. 45, l. c. 58, 223 S. W. 655. In that case we ruled the identical question. We there said:

"The provisions of the enacted law in this State regulating the contest of elections, is persuasive that the Legislature never has

intended there should be a judicial inquiry concerning the legality of the voting in a county bond election. The Constitution itself commands the Legislature to designate the courts or judges by whom the several classes of election contests shall be tried and also to provide the manner of trial and all matters incident thereto. [Mo. Const., Art. VIII, sec. 9.] Pursuant to that mandate, statutes have been enacted to contest the election of various classes of officials, also those held under the Local Option Law, and perhaps others. One section of the law reads as follows:

" 'Every court authorized to determine contested elections shall hear and determine the same in a summary manner, without any formal pleading; and the contest shall be determined at the first term of such court that shall be held fifteen days after the official counting of the votes, and service of notice of contest, unless the same shall be continued by consent, or for good cause shown.' [R. S. 1909, sec. 5928.]

"The expression 'every court authorized to determine contested elections,' etc., implies that specific authority must be granted to a court to try such cases, or it will not have the power to do so; that a general subject-matter or head of equity cognizance, like fraud, does not suffice to confer this power. Moreover, the mode or procedure ordered to be pursued in a contest proceeding, is incompatible with the course of a suit in equity.

"The right of citizens and taxpayers to honest elections is meant to be protected by the judges who supervise the voting at the polls; and so far this protection has been deemed by the Legislature sufficient in case of elections like the one in controversy. The statutes impose on the judges the duty of passing on the qualifications of voters, and of deciding whether a person who offers to vote is entitled to do so. In the performance of this duty, the judges act in a judicial or a quasi-judicial capacity. [Pike v. Megoun, 44 Mo. 491; McGowan v. Gardner, 186 Mo. App. 484, 492; Blake v. Brothers, 79 Conn. 676, 11 L. R. A. (N. S.) 501, and citations in note.] The right is also accorded to any bystander to challenge a vote. [R. S. 1909, sec. 5900.] Elections to incur public debts have been conducted in this State from an early day, and yet the rule has always been declared that there can be no contest of any election except where one is authorized by a statute, and so far no statute of the kind has been enacted in respect of municipal bond elections; whereas statutes are in force for the contest of other kinds. By reason of this nonaction by the General Assembly and the common-law doctrine that the result of elections if declared by supervising officials, could not be re-examined judicially, and the prevalent doctrine that equity takes no cognizance of such matters, we hold the Circuit

Court of Pemiscot County is without jurisdiction of the cause there pending to annul the election in contest."

We followed this ruling in State ex rel. v. Hackman, 295 Mo. 417, l. c. 424, 245 S. W. 554; Wilson v. Washington County, 247 S. W. 185; Boney v. Simms, 304 Mo. 369, l. c. 376, 378, 379, 263 S. W. 412; Remington v. Flemington School District, 22 S. W. (2d) 800. Other cases in point follow: State ex rel. v. Ross, 245 Mo. 36, l. c. 45, 149 S. W. 451; State ex rel. v. Hackman, 274 Mo. 551, l. c. 565, 203 S. W. 960; In re Nathan Frank, 320 Mo. 1087, l. c. 1090, 9 S. W. (2d) 153; State ex rel. v. Hough, 193 Mo. 615, 91 S. W. 905; 9 R. C. L. 1157, sec. 147.

Plaintiffs cite a few cases from other jurisdictions sustaining the contention. Those cases were cited and considered in State ex rel. Wahl v. Speer, supra. They also cite Neiser v. Thomas et al., 99 Mo. 224, 12 S. W. 725. In that case the contest was for public office. We held that a court of equity was without jurisdiction. We then stated that we were not holding that a court of equity was without jurisdiction to prevent fraud from entering into and materially affecting the result of an election. We further stated that "to deny the power to grant such preventative relief in a case, the exigencies of which demands it, would be to admit a most serious defect in the form and structure of our government; an admission we are not prepared to make." The question was not for consideration in said case and the statement was *obiter*.

The demurrer was well ruled, and the judgment should be affirmed. It is so ordered. All concur.