Ex PARTE WADE BROWNFIELD, Petitioner, v. THOMAS B. BASH, Sheriff of Jackson County.—102 S. W. (2d) 880.

Court en Banc, March 24, 1937.

*Harry L. Donnelly, Edwin S. Carroll* and *Reginald A. Smith* for petitioner Wade Brownfield.

*Roy McKittrick,* Attorney General, *Franklin E. Reagan,* Assistant Attorney General, *W. W. Graves, Jr.,* and *Michael W. O'Hern* for respondent.

FRANK, J.—*Habeas Corpus:* Petitioner seeks discharge from custody of the sheriff of Jackson County, who is detaining him by virtue of a commitment for alleged contempt of the Circuit Court of Jackson County at Independence.

Petitioner, Wade Brownfield, was judge of election in a certain voting precinct in Jackson County, outside of Kansas City, at the general election held on November 3, 1936. Chapter 61, Article 15, Revised Statutes 1929, providing for registration of voters was applicable to Jackson County, outside of Kansas City at the times in question. Section 10523 of above Chapter 61 provides that, "If any voter has been wrongfully stricken from the registration books or wrongfully prevented from registering by the judges he shall have the right to appeal to the circuit court in the same manner as provided in Section 10597, Article 17, R. S. 1929, and it shall be the duty of the board of election commissioners to enter the voter's name on the registration books on the order of the circuit court aforesaid."

On October 26, one James R. Phelps did appeal to the circuit court at Independence, in the manner provided in said Section 10597, praying for an order of said court directing that his name be placed on the proper registry of voters. The court heard such application and made the following order:

"In the Jackson County Circuit Court at Independence.

"To the Board of Election Commissioners of Jackson County, Missouri:

"This is to certify that the application of James R. Phelps, address Blue Springs, Missouri, to be placed on the appropriate register as a qualified voter in the 4th precinct of Sni-A-Bar township, Jackson County, Missouri, has been duly granted by the court this 26th day of October, 1936."

This court order was brought to the attention of the Board of Election Commissioners, and pursuant to its mandate and in obedience thereto said board placed the name of said James R. Phelps on the proper register of voters. Thereafter, on November 3, 1936, said Phelps presented himself at the polling place in aforesaid precinct for the purpose of voting at the general election then and there being held, whereupon petitioner, Wade Brownfield, one of the judges of said election, challenged his right to vote. On said November 3, 1936, Marion D. Waltner, judge of the circuit court, who made aforesaid order directing that Phelps' name be placed on the register of voters, cited petitioner, Brownfield, to appear before said court forthwith and show cause why he should not be adjudged in contempt of said court, in that his challenge of Phelps' right to vote amounted to a willful, unlawful and contemptuous challenge of the valid court order by which the court directed the Board of Election Commissioners to place Phelps' name on the proper voting register. After hearing on such citation the court adjudged petitioner guilty of willful, unlawful and contumacious disobedience of lawful orders and process of the court without any reasonable cause, and further adjudged that he be punished by imprisonment in the county jail for a period of ten days.

Section 10597, Revised Statutes 1929, which provides for registration of voters by court order, makes the following further provision:

"No person whose name is admitted to the registry by order of the circuit court shall be protected by such order in case he should be prosecuted for false registration or false voting."

This provision of the statute unmistakably shows that the court order by which a party's name is admitted to the registry does not adjudicate the party's right to vote. If it did he could not be prosecuted for false registration or false voting. The only purpose of the court order is to give the party an opportunity to place his name on the register. If he falsely registers either with or without a court order, he is not a legal voter and his right to cast a ballot is subject to challenge. Such orders are not directed to the judges of election. They are directed to the Board of Election Commissioners with the information, not that the party is a legal voter, but that his application to have his name admitted to the registry has been granted. Where, as shown in this proceeding, the Board of Election Commissioners obeyed the mandate of the court order and admitted the party's name to the registry, the order had accomplished its purpose, spent its force, and was thereafter *functus officio*. The power and jurisdiction of the court over the matter ended when the Board of Election Commissioners complied with its order. Since the court order did not judicially determine the party's right to vote, a challenge of such right by petitioner, as election judge, could not and did not amount to disobedience of or disrespect for the court's order. The statute does not give the Circuit Court of Jackson County superin-

tending control over the conduct of elections in that county. That duty has been committed to other hands. It must follow, therefore, that the dignity of the circuit court could not have been legally insulted by the act of petitioner in challenging the vote of James R. Phelps or anyone else, because that court had no jurisdiction or authority over that matter.

Since the court had no jurisdiction in the premises, its judgment adjudging petitioner guilty of contempt of court is void and subject to collateral attack on *habeas corpus*.

For the reasons stated, petitioner is entitled to an absolute discharge from custody. Such discharge is so ordered. *Hays, C. J., Ellison* and *Gantt, JJ.*, concur; *Collet, Leedy* and *Tipton, JJ.*, concur in result.