STATE OF MISSOURI at the relation of the ASSOCIATION FOR CONVALESCENT CRIPPLED CHILDREN, an Incorporated Benevolent Association, E. A. BRUNSON CONSTRUCTION COMPANY and ELDON L. COSTED, Relators, v. CLIFFORD CORNELI, HENRY L. MUELLER and HENRY W. J. ROTT, Judges of the County Court of the County of St. Louis, HENRY F. VETTER, Attorney for said County of St. Louis, and WALTER E. MILLER, Clerk of the County Court of the County of St. Louis.—152 S. W. (2d) 83.

Court en Banc, June 10, 1941.

*Thompson, Mitchell, Thompson & Young, Samuel A. Mitchell, Truman Post Young* and *R. Forder Buckley* for relators.

*Erwin F. Vetter* for respondents.

CLARK, J.—*Prohibition.* By·their petition filed in this court; relators seek to prohibit respondents, the judges of the county court, county clerk and county counselor, of St. Louis County, from enforcing certain orders made by said county court. To our preliminary rule the county clerk and counselor filed separate demurrers and the judges of the county court filed a return, to which the relators filed reply.

The essential facts are not in dispute. On July 26, 1940, the relators procured a building permit from the county assessor and immediately

began the construction of a building on a lot owned by them and located on Ladue Road in St. Louis County. On August 2, 1940, the county court entered two orders on its record. The first order provided that the assessor could issue building permits only after approval by the county court. The second order, after reciting that many building permits had been issued by the assessor after November 10, 1939, ordered that all persons receiving such permits, under which construction had not been commenced, appear on a day to be designated and show cause why such permits should not be revoked and such persons be enjoined from proceeding under such permits; that pending a hearing all such persons be enjoined, and that the county clerk ascertain the names of such persons and issue orders to show cause and restraining orders.

On August 9, 1940, the county court made and entered another order directing the county clerk to issue an order to relators to appear on September 4 and show cause why their building permit should not be revoked and enjoining and restraining relators from proceeding with the construction of their building until the further order of the court.

This last order being served on relators, they filed their petition for prohibition in this court, contending that the county court exceeded its jurisdiction in making, and attempting to enforce, the orders of August 2 and August 9.

It is conceded that the county assessor had authority to issue building permits up to November 10, 1939, under an order of the county court made in 1907 in pursuance to Sections 14942-14949, inclusive, Revised Statutes Missouri 1939; Mo. Stat. Ann., secs. 13749-13756, inc., pp. 6521-6523. But respondents contend: that the authority of the county assessor to issue permits was revoked by an Act of the General Assembly passed in 1939; (Sections 15348-15364, R. S. Mo. 1939; Supp. to Mo. Stat. Ann., secs. 12040a-12040a-15, p. 6405) further, that the county court was empowered under the Constitution and statutes to make the orders complained of.

The Act of 1939 does not expressly repeal the sections above mentioned under which the county assessor is authorized to issue building permits. The 1939 Act authorizes counties of the class to which St. Louis county belongs to adopt a county plan and create a county planning commission. Section 15351 authorizes the planning commission, with the approval of the county court, to adopt a "master plan" for the county. Section 15352 provides "from and after the adoption of the master plan or portion thereof and its proper certification, then and henceforth no improvement of a type embraced within the recommendations of the master plan shall be constructed or authorized" without first obtaining the approval of the planning commission. Sections 15354 and 15355 provide for a plan for major highways. Section 15356 authorizes the county court to adopt regulations

for the size and location of buildings, lots, yards, etc. Section 15359 provides that any county court which has adopted a zoning plan shall appoint an officer to enforce the provisions of the Act, after which no building shall be constructed without a permit issued by such officer. Other sections provide for the regulation of the sub-division of lands, for dividing the unincorporated territory of the county into districts, and for adopting various rules and regulations. Section 15363 makes it a misdemeanor to violate any order or regulation adopted under authority of the Act.

A careful reading of the Act of 1939 clearly shows that it does not either expressly or by implication repeal Sections 14942-14949, supra, under which the assessor may be authorized by the county court to issue building permits. The Act of 1939 does authorize the county court to adopt a planning system which revokes the authority of the assessor to issue permits insofar as such authority conflicts with the system adopted, but until such planning sytem is adopted the authority of the assessor remains unimpaired.

Under the Act of 1939 the county court is authorized to adopt a master plan either in whole or in part. As we read the various orders of the county court shown by the record in this case, we must conclude that the county court has never adopted a master plan which embraces the whole of St. Louis county nor which embraces that portion of the county in which the building of relators is situate.

On November 6, 1939, the county court appointed a planning commission. On May 1, 1940, the planning commission submitted "a part of the master plan" relating solely to buildings on major highways. On June 24, 1940, the court made an order relating to subdivisions of land. On July 12, 1940, the commission submitted a map of major highways. On the same day the court entered a long order approving the plan and map of major highways, adopting regulations for the type of buildings and structures permissible on such highways, and appointing an administrative officer to enforce such regulations and pass upon and issue permits for the construction of buildings on lands located on such highways. This order contains this express provision: "It is not intended by this order to interfere with or abrogate or annul any existing orders," etc.

As stated, the building of relators is on land adjoining Ladue Road which is not listed as a major highway on the map submitted by the commission and adopted by the county court. The record fails to show that the county court has ever adopted regulations for the construction of buildings not located on major highways. The court order of July 12, above mentioned, giving the administrative officer of the commission authority to issue permits, relates only to buildings on major highways. It seems clear that the assessor, on July 26, 1940, still retained authority to issue permits for construction of buildings not on major highways.

But the respondents say that the county court lawfully revoked the assessor's authority by the orders of August 2nd. The answer to that is that the permit had already been issued to relators before such orders were made. Those orders do not purport to be retroactive. They speak only from their date to the future. Indeed, the second order of August 2 expressly states that it relates only to permits under which construction had not then been commenced.

Respondents contend that the acts complained of are either administrative or legislative in their nature and cannot be prevented by our writ of prohibition, citing: State ex rel. v. County Court, 41 Mo. 44, in which the writ was held inapplicable to control a county court in locating a county seat; State ex rel. v. Bright, 224 Mo. 514, 123 S. W. 1057, where the writ was refused to prohibit a city council from acting as a court of impeachment against the mayor, and Bash v. Truman, 335 Mo. 1077, 75 S. W. (2d) 840, where it was held that the writ could not be used to prohibit a county court from fixing a tax rate or subdividing the county revenue. These cases are not in point. Of course, the granting of an injunction is the exercise of a judicial function and the granting of same without jurisdiction, or in excess of jurisdiction, can be prevented by the writ of prohibition. No case holds to the contrary.

Finally, respondents set out a number of headings of "Points and Authorities" and make an extended argument in an attempt to show that the county court had both inherent and statutory authority to make and enforce the orders in question. Respondents' argument proceeds in this way: county courts are created and made courts of record by the Constitution; ample power is vested in county courts by certain statutes, particularly Section 2479, Revised Statutes Missouri 1939, Mo. Stat. Ann., sec. 2077, p. 2657, which authorizes courts to award process, and Section 2008, Revised Statutes Missouri 1939, Mo. Stat. Ann., sec. 1844, p. 2565, which provides "all courts shall have power to issue all writs which may be necessary in the exercise of their respective jurisdictions, according to the principles and usages of law;" the Act of 1939, supra, vests the county court with power to adopt a planning and zoning system and make and enforce regulations; the county court has inherent power to make orders necessary for the protection of its jurisdiction and the exercise of the powers vested in it. In support of this argument, respondents cite a number of cases, which we have read, but deem it unnecessary to review in detail.

We concede that the county court is created as a court of record and its jurisdiction partially fixed by the Constitution. Section 36 of Article VI of the Missouri Constitution vests such court with "jurisdiction to transact all county and such other business as may be prescribed by law." But the authorities are uniform to the effect that county courts possess only limited jurisdiction. Outside the management of the fiscal affairs of the county, such courts possess

1170

no powers except those conferred by statute. [State ex rel. v. Redman, 270 Mo. 465, 194 S. W. 260; State ex rel. v. Oliver, 202 Mo. App. 527, 208 S. W. 112.]

We know of no statute which authorizes a county court to grant a permanent injunction. The only statutes which authorize such court to grant a temporary injunction are Sections 1661, 1662, 1663, Revised Statutes Missouri 1939; Mo. Stat. Ann., secs. 1497, 1498, 1499, pp. 1657, 1658. These statutes authorize a county court to grant a temporary injunction only when there is no circuit court in session and no circuit judge is within the county, and then the injunction must be returned to the circuit court. Neither the county court nor the circuit court can grant an injunction until a petition has been filed in the circuit court, which was not done in this case. The Act of 1939 does not, either expressly or impliedly, enlarge the power of county courts with reference to injunctions.

Upon the record, the assessor had authority to issue to relators the building permit at the date it was issued, July 26, 1940. The first order of the county court on August 2 (relators' exhibit A) was a modification of the assessor's authority to issue future permits. It did not affect in any way the rights of relators under the permit theretofore issued. The second court order of August 2 (relators' exhibit B) related only to permits under which construction had not been commenced, and it seems to be conceded that relators had already begun construction. However, we do not believe the county court, without cause, could revoke a permit lawfully issued whether construction had been commenced or not, and certainly it could not grant an injunction. The court order of August 9 and the process issued thereunder (relators' exhibits C & D), seeking to revoke relators' permit and enjoin them, are clearly in excess of the county court's jurisdiction.

Therefore, our preliminary rule in prohibition is hereby made permanent. All concur.