MISSOURI ELECTRIC POWER COMPANY, a Corporation, and S. M. HOFFMAN, Appellants, v. CITY OF MOUNTAIN GROVE, MISSOURI, a Municipal Corporation, C. H. DUVALL, MAYOR, DALY ANDREWS, CHARLES E. HAMPTON, C. C. LEASCHER, FRED E. MORTON, T. W. NOLAND, J. F. PERRY, B. F. RICHARDSON, and JOE A. WALKER, Aldermen, JEWELL NEWTON, City Clerk, LEONARD E. NEWTON, VIOLA DUVALL, JAMES SMITH, TOD LOWER, CLEO SHERRELL, PEARL ANDREWS, CLIFFORD JACKSON, S. C. (DUTCH) YOUNG, PHOEBA REEVES, EMMA JEAN BARBER, ED BELCHER, HAZEL ATNIP, RUTH SHERRELL PRATER, and WILMA SULLIVAN.—No. 38630.—176 S. W. (2d) 612.

Division One, January 3, 1944.

*Stone & Stone* for appellants.

264

*E. C. Lockwood, Leonard E. Newton* and *Wm. L. Vandeventer* for respondents.

VAN OSDOL, C —This is an appeal from an order sustaining a motion to quash a citation for contempt. The citation was issued, the result of a violation of a temporary injunction granted by two judges of the County Court of Wright County whereby the city and city officials of Mountain Grove, and designated judges and clerks of election, were restrained from holding an election called for the purpose of submitting to the legal voters of the city the proposition to issue bonds for the purchase or construction of an electric light plant. Respondents assert the statutes authorizing the granting of a temporary injunction by a county court or by any two judges thereof

in vacation (Sections 1661, 1662 and 1663, R. S. 1939, Mo. R. S. A., secs. 1661, 1662, 1663) are unconstitutional.

The injunction suit was instituted in the Circuit Court of Wright County; the circuit court was not then in session, and the judge thereof was without the county. The petition in the injunction suit stated many specific acts of the several respondents which, it was alleged, constituted a fraudulent combination and conspiracy by reason of which "the voters of defendant city would not be afforded a fair and free opportunity to express their views upon the proposition to be submitted at said proposed election on August 25, 1942; that, even if held, said special election would not fairly test the sense of the voters upon said proposition; and that, therefore, to permit defendants to hold said special election would constitute an infringement and legal fraud upon the right of all voters to participate in an election at which the sense of the voters would be tested fairly and at which each individual voter would be accorded an opportunity to cast a secret ballot without fear, intimidation, coercion or improper influence." The petition further alleged that, "by reason of all of the facts and circumstances hereinbefore stated, and by reason of the aforesaid fraudulent, unlawful and overreaching combination and conspiracy, a valid and legal special bond election has not been called . . . and all of the action which the defendants might take pursuant thereto, would be wholly invalid, null, void and of no force and effect."

The "Motion to Quash and Dismiss Citation" was based upon thirteen grounds, including the asserted unconstitutionality of the sections, supra. The trial court sustained the motion "for the reasons stated in paragraphs numbered 1 to 4, inclusive, in said motion, and doth discharge said defendants from said citation." Paragraphs of the motion numbered 1 to 4 are as follows: "(1) Because the County Court or two judges thereof have no legal or constitutional authority to issue temporary injunctions. (2) Because the County Court is a court of limited jurisdiction and has no constitutional powers in matters of equity jurisdiction and cannot, therefore, issue temporary injunctions which are orders of a court of equity. (3) Because Sections 1662 and 1663 which attempt to give County Courts and County Judges equitable jurisdiction are unconstitutional and void and violate the provisions of Sections 22, 23, and 36 of Article 6 of the Constitution of Missouri. (4) Because Section 36 of Article 6 of the Constitution of Missouri limits County Courts to the transaction of county business and do not bestow upon them, or upon the judges thereof in vacation, equitable jurisdiction."

We find no case in which the constitutionality of the Sections 1661, 1662 and 1663, supra, has heretofore been questioned.

Under the provisions of Section 1, Article VI, Constitution of Missouri, the judicial power of the state, as to matters of law and equity, is vested in certain courts including county courts, and by Section 36,

Article VI, Constitution of Missouri, a county court is made a court of record, and it is provided that it shall have jurisdiction to "transact all county *and such other business* as may be prescribed by law." (Our italics.)

It is contended by respondents that the phrase "and such other business" means other like business, "for instance, handling certain matters for the state that are of a business nature," and that the phrase does not authorize the legislature to provide by statute for the granting of temporary injunctions by county courts or by the judges thereof in vacation. Respondents resort to Debates of the Missouri Constitutional Convention of 1875 as indicatory that the framers intended the phrase should be so limited as to exclude a legislative authorization of a county court to transact business, except business of the character (fiscal) as it ordinarily denominated, county business. However, the language of the address of Mr. Crews, a member of the convention, quoted by respondents, does not bear out respondents' contention, "It will be remembered sir, that I insisted from the beginning, that this (the county court) is not, as it stands, and has stood in this State, properly a Court; it is but a Board of Commissioners, so understood and so declared in many of the states of this Union; but *we propose to make it a Court,* giving it certain jurisdiction, making it a court of record, *with certain jurisdiction conferred by law,* and I suppose we intend to provide that there shall be appeals from this tribunal, and that the matters before it may go up by *certiorari* to an appellate Court; but so far as County business is concerned; so far as every single thing enumerated here is concerned, it is nothing but an agent of the County, administrative, executive and ministerial, wholly, and has no judicial jurisdiction, if it has, I am not advised of it. *Of course certain jurisdiction of that sort may be given,* but as it stands it is simply a Board of Commissioners with certain defined jurisdiction, . . ." (Our italics.) Vol. VIII, Debates of the Missouri Constitutional Convention of 1875, p. 278.

The authorities are uniform to the effect that county courts possess only limited jurisdiction. Outside the management of the fiscal affairs of the county, such courts possess no powers except those conferred by statute. State ex rel. Association for Convalescent Crippled Children v. Corneli, 347 Mo. 1164, 152 S. W. 2d 83. It has been decided by this court in Rinehart v. Howell County, 348 Mo. 421, 153 S. W. 2d 381, and in State ex rel. Buckner v. McElroy, 309 Mo. 595, 274 S. W. 749, that Section 36, supra, is construed to authorize county courts to transact *all* county business; and it was stated in these cases that the section authorizes the transaction of such other business by a county court as may be added to its jurisdiction by law.

However, we do not have herein the question of whether a county court may be vested by statute with the jurisdiction of a suit for an injunction; Sections 1661, 1662 and 1663, supra, do not purport to

give the county court jurisdiction of such a case; this court has lately recognized that the sections authorize a county court to grant a temporary injunction only, and only when conditions obtain, which are stated in the sections (State ex rel. Association for Convalescent Crippled Children v. Corneli, supra).

Section 22, Article VI, Constitution of Missouri, provides that the circuit court shall have "exclusive original jurisdiction in all civil cases not otherwise provided for." Respondents contend that the phrase "not otherwise provided for" is to be construed as, not otherwise provided for *in this constitution,* and respondents urge that, there being no provision of the constitution giving jurisdiction to county courts to grant injunctions, the exclusive jurisdiction to grant injunctions must be and remain in the circuit courts. Further, respondents urge, since the provisions of Section 23, Article VI, Constitution of Missouri, give circuit courts superintending control over county courts, jurisdiction of county courts to grant injunctions may enable county courts to restrain writs or process of the circuit courts and so vitiate the superintending control by the circuit courts granted by Section 23, supra. These contentions are without merit, we believe. Sections 1661, 1662 and 1663, supra, do not, as we have stated, purport to give to county courts jurisdiction of injunction suits. The county court cannot grant a temporary injunction until a petition is filed in the circuit court. State ex rel. Association for Convalescent Crippled Children v. Corneli, supra. Injunctions which may be granted by the circuit judge in vacation, or by the county court or judges thereof in vacation, are *temporary* injunctions. The two judges of the county court in the instant case had for their consideration one discretionary question—should a temporary injunction be granted under the facts in the petition alleged. Neither the circuit judge in vacation, the county court, nor the judges thereof in vacation could have tried and determined the merits of the case and granted or refused a permanent order. The language of VALLIANT, J., in State ex rel. Ballew v. Woodson, 161 Mo. at page 455, 61 S. W. at page 255 (a case relating to the appointment of a receiver by a circuit judge in vacation) is most apt in its application to the power of the circuit judge in vacation, or of the county court or the judges thereof in vacation, to grant a temporary injunction under the provisions of Sections 1661, 1662 and 1663, supra, "What is here (Const. of Mo., Art. VI, Sec. 1) said is in reference to judicial power in its strict sense. There are quasi-judicial powers conferred upon quasi-judicial bodies, and powers to do certain acts in vacation, judicial in character, but subsidiary to a suit pending or about to be instituted in court, are conferred on judges of courts; but the power to try issues in a suit at law or in equity, and pronounce judgment or decree upon the facts found or confessed, can be conferred, under our Constitution, only on a fully organized court." See also Johnson v. Wabash R. Co., 259 Mo. 534, 168 S. W. 713; City of St. Joseph v. Truckenmiller, 183 Mo. 9,

81 S. W. 1116. The granting of the temporary injunction was but a preliminary order protecting plaintiffs pending the trial of the case in the circuit court upon the merits. The temporary injunction so grant-ed was returnable to and is to be "enforced as an injunction of the circuit court." State ex rel. Association for Convalescent Crippled Children v. Corneli, supra; Section 1663, supra.

All doubt, if any there be, should be resolved in favor of the constitutionality of a statute. We are constrained to believe that there is no substance to the contentions that the power, given by the legislature to county courts or the judges thereof by Section 1661 to grant temporary injunctions and to be exercised under the conditions provided in Sections 1662 and 1663, supra, is beyond or in contravention of the provisions of Sections 22, 23 and 36, Article VI, Constitution of Missouri.

█ The reasons given by the trial court for sustaining the motion to quash were erroneous; nevertheless, if the ruling was a correct one, the cause should be affirmed, and we may consider another and sounder reason urged by respondents which should have actuated the trial court in quashing the citation and discharging the respondents.

It was stated in the "Motion to Quash and Dismiss Citation" that the citation should be dismissed "(8) Because the right to hold an election is a political right and a court of equity has no jurisdiction to interfere with the act of the municipal officers of Mountain Grove in holding an election upon the question of whether or not the voters of the city should express their desire on the question of whether the City should issue bonds to erect a municipal light plant."

Every court of record has the power to punish as for criminal contempt persons guilty of willful disobedience of any order *lawfully* made by it. Section 2028, R. S. 1939, Mo. R. S. A., sec. 2028. A violation of an order which is beyond the jurisdiction (power) of the court to make is not punishable as contempt. 17 C. J. S., Contempt, sec. 14, p. 19; 12 Am. Jur., Contempt, secs. 24 and 26, pp. 405-408; Brownfield v. Bash, 340 Mo. 828, 102 S. W. 2d 880; State ex rel. Hyde v. Westhues, 316 Mo. 457, 290 S. W. 443; Russell v. Lill (Mo. App.), 12 S. W. 2d 508. If the circuit court had no power to enjoin the respondents from holding the election, such court's temporary injunction granted by the judges of the county court was void.

Under the Constitution of Missouri, the legislature, in the exercise of its general legislative power, may grant to municipalities authority to exercise powers properly belonging to the legislative department of the state. State ex rel. Rothrum v. Darby, 345 Mo. 1002, 137 S. W. 2d 532 (citing cases). Authority to issue bonds for the erection or purchase of an electric light plant is given cities of the fourth class upon assent of two-thirds of the legal voters of such city, voting at an election held to test the sense of the voters upon the proposition. Section 7180, and Article 11, Chapter 38, R. S. 1939.

The bond election of the city of Mountain Grove, held August 25, 1942, was therefore authorized by law; the people of Mountain Grove were entitled to exercise their suffrage in determining if it was desirable to incur debt for the purchase or construction of an electric light plant; and no legislative enactment has empowered a court of equity to restrain the holding of such an authorized election on any ground whatsoever. The temporary injunction of the Circuit Court of Wright County was void, because it offended a most fundamental principle of our form of government. The legislature, in authorizing the city of Mountain Grove to incur indebtedness upon the assent of its legal voters, granted to the people of the municipality the right to exercise a power by suffrage belonging to the legislative department of the state. Such a power lawfully delegated cannot be made the subject of inquiry by the judiciary, except to the extent the legislature may deem it wise to make provision. This court in other cases has had occasion to examine this very principle.

It is held that a court of equity has no power to annul or set aside the result of such an election on the ground that the election was fraudulently conducted. State ex rel. City of Clarence v. Drain, 335 Mo. 741, 73 S. W. 2d 804 (election upon the proposition to issue bonds for a waterworks and sewer system). In that case this court cites with approval the cases of Long v. Consolidated School District No. 7, Kingsville, Johnson County, 331 Mo. 302, 53 S. W. 2d 867 (election upon the proposition to issue bonds for the purchase of land and the erection of a schoolhouse thereon); and the case of State ex rel. Wahl v. Speer, 284 Mo. 45, 223 S. W. 655 (election upon the proposition to issue bonds for the building of a courthouse).

Note the language of this court in the Speer case (284 Mo. at pages 58 and 59),

". . . alike in equity and in law fraud vitiates all affairs wherein it is predominantly influential. It is the province of equity to afford redress against such an influence when the common law provides no adequate remedy. An exception is made to this general doctrine in political affairs which have always been held to lie outside the sphere of equity, and doubtless for this reason it is held that a charge of fraud in the conduct of elections, is insufficient to enable a chancery court to entertain a contest. But property rights and interests are affected by the creation of public debts; which is a fact urged and sometimes accepted as a reason why a contest proceeding will lie in equity, if the statute provides no remedy and the election was one to incur a public indebtedness.

"The provisions of the enacted law in this State regulating the contest of elections, is persuasive that the Legislature never has intended there should be a judicial inquiry concerning the legality of the voting in a county bond election. . . . .

"The right of citizens and taxpayers to honest elections is meant to be protected by the judges who supervise the voting at the polls; and

so far this protection has been deemed by the Legislature sufficient in case of elections like the one in controversy. . . . '' And in the Drain case (335 Mo. at page 747),

''We have consistently held upon a consideration of the common-law doctrine, the provisions of the Constitution of this State, and the absence of any legislative provisions for contest of an election of the character here involved, that a court of equity is without jurisdiction to set aside the result of a bond election on the grounds that the election was fraudulently conducted.''

The case of Neiser v. Thomas, 99 Mo. 224, 12 S. W. 725, involved a contest for public office. It was held that a court of equity was without jurisdiction. The court stated it was not holding that a court of equity was without jurisdiction to prevent fraud from entering into and materially affecting the result of an election, ''To deny the power to grant such preventive relief in a case, the exigency of which demands it, would be to admit a most serious defect in the form and structure of our government; an admission we are not prepared to make.'' However, in the Long case (331 Mo. at page 306) is the comment, ''The question was not for consideration in said case (Neiser v. Thomas, supra) and the statement was *obiter*.''

Since a court of equity has no power to set aside the result of a bond election on the ground that the result was materially affected by the fact that the election was fraudulently conducted, we are unable to determine upon any theory by which a court of equity has the power to restrain an election on the ground that the result would be affected by an election so conducted.

The question of the power of a court of equity to restrain a municipal bond election authorized by law, herein considered, on the ground of fraud (or to annul or set aside such election upon such ground) is distinct from that of the power to restrain an election which has not been authorized by law. ''Elections by the people, either for the choice of public officers or for the determination of other matters submitted to the popular vote, being the exercise of the political power, the general rule is that a court of equity will not interfere in any matter concerning the same, and courts of equity have been denied jurisdiction or power to restrain by injunction the holding of an election, or to enjoin an election official or board from counting or canvassing the ballots, making returns, or declaring or publishing the result thereof. But if, under the guise of an ▉▉▉ election which is really *unauthorized by law*, the property or person of a citizen is imperiled, equity will interfere.'' (Our italics.) Vol. 21, C. J., sec. 137, p. 156. Consult Baum v. City of St. Louis, 343 Mo. 738, 123 S. W. 2d 48, and Annotations 33 A. L. R. 1376, 70 A. L. R. 733. The question herein considered is also distinct from that of the power of a court of equity to determine a cause wherein the validity of bonds is in issue upon grounds not involving the result of an election. See State ex rel. and to Use of Smith v. Sevier (Mo. Sup.), 92 S. W. 2d 102.

We hold that the Circuit Court of Wright County had no power to restrain the holding of the bond election of the city of Mountain Grove. The temporary injunction being void, the order dismissing the citation for contempt and discharging the respondents should be affirmed.

It is so ordered. *Bradley* and *Dalton, CC.,* concur.

PER CURIAM:—The foregoing opinion by VAN OSDOL, C., is adopted as the opinion of the court. All the judges concur.