THE CITY OF BRUNSWICK, by L. A. KINKHORST, Mayor, and LUKE G. O'REILLY, Appellants, v. J. H. MYERS, GEORGE LEWIS, HERMAN MOSES, GRANVILLE GOE, L. W. CUDDY, TYSON NICHOLS, Aldermen of the City of Brunswick, THE KANSAS CITY POWER AND LIGHT Co., a Corporation, and JAMES A. WILLIAMS.—No. 40627.—209 S. W. (2d) 134.

Division One, March 8, 1948.

*Wayne E. Wheeling* for appellants.

462

*Ludwick Graves, James H. Ottman* and *Gilbert Lamb* for respondents; *Johnson, Lucas, Graves & Fane* of counsel.

[135] CLARK, J.—Appeal by plaintiffs from an order of the circuit court dismissing their petition wherein they sought to enjoin the holding of a special franchise election in the City of Brunswick, a city of the fourth class. Appellants are Kinkhorst, the Mayor, and O'Reilly, a taxpayer and citizen of Brunswick. Respondents are the members of the Board of Aldermen, a newspaper publisher and the Kansas City Power and Light Company.

On August 4, 1947, the board of aldermen, over the Mayor's veto, enacted an ordinance granting the Power and Light Company a twenty year franchise to carry on a general power and light business in Brunswick; providing that the ordinance be submitted to the qualified voters of the city at a special election on September 2; providing that the Power and Light Company should pay the cost of election and that, if approved by a majority vote at the election, the franchise should become effective if the grantee should file its written acceptance within thirty days. Section ten of the ordinance provided "In consideration of the grant herein made," the grantee shall pay to the city "as a license fee" five per cent of gross receipts. "The tax herein required to be paid shall be in lieu of any other occupation license or merchandising, tax but shall not be in lieu of any ad valorem tax."

Plaintiffs filed their petition in the circuit court seeking to enjoin the holding of the special election. On motion of respondents the court dismissed the petition. Plaintiffs appealed and filed an application in this court to advance the cause, but the case reached us too late to be heard before the date of the special election. The election was held on September 2, and a majority of the votes cast were in favor of granting the franchise

An injunction against the holding of the election was the only relief specially prayed for in the petition, although general relief was asked.

The election has been held and that raises a serious question whether there is now any issue for us to decide. However, as injunction was sought before the election and as the validity of the election has been fully briefed and argued, we will discuss all the questions raised.

Appellants contend that their petition stated ground for injunction because the [136] franchise ordinance is void for three reasons:

1. Section ten of the ordinance fixes a maximum rate of license tax, in lieu of all other license taxes, for twenty years and prevents future boards of aldermen from changing the rate or method of levying license taxes against the Power and Light Company.

2. The ordinance provides that the cost of the election shall be paid by the Power and Light Company.

3. The ordinance reserves the right to the Power and Light Company to accept or reject the franchise after it has been ratified by a vote of the people.

Appellants say that under certain circumstances injunction will lie to restrain the holding of a municipal election. Typical of the cases cited by appellants on this point are: Baum v. City of St. Louis, 343 Mo. 738, 123 S. W. (2d) 48; State ex rel. Asotsky v. Regan, 317 Mo. 1216, 298 S. W. 747, and Missouri Electric Power' Co. v. Mountain Grove, 352 Mo. 262, 176 S. W. (2d) 612. In the Baum case we affirmed a decree of the circuit court enjoining the submission of certain ordinances to a vote of the people under the initiative provisions of a city charter. The ordinances were for public work which had not been approved by the board of public service as provided by the city charter. We held that the city council was without power to enact the ordinances, until approved by the board of public service, and that the same restriction applied to their enactment by the initiative. In the Asotsky case the city had enacted an ordinance levying a tax on the sale of cigarettes, with an emergency clause. We held the emergency clause valid and, therefore, the ordinance was not subject to referendum. In the Missouri Electric Power Company case that company sought to enjoin an election to vote bonds for the purchsase or construction of a municipal power plant. The petition alleged a fraudulent conspiracy which would not afford the voters a fair and free opportunity to express their views on the proposition. We held that the allegations did not authorize the issuance of an injunction

The above cited cases and other cases show that the holding of this court is that injunction is proper to prevent an election only when such election is plainly unauthorized by law.

In the instant case the election to adopt a twenty year power and light franchise was not only authorized by statute, [Section 7178, Revised Statutes Missouri 1939; Mo. R. S. A.] but an election is the only method by which such a franchise can be legally granted by a city of the fourth class.

■ But appellants say that the submission of the taxing section of the ordinance to the voters was unauthorized by law; and the inclusion of that section invalidated the entire franchise. Appellants argue substantially as follows: the power of the city to impose a license or occupation tax on the Power and Light Company is not dependent upon ratification by the voters; the inclusion of the taxing section in the franchise ordinance is an illegal attempt to prevent the present and future boards of aldermen from changing the nature or rate of the license or occupation tax during the period of the franchise

Respondents concede that the power to impose a reasonable license or occupation tax is vested in the city and does not depend for validity upon a vote of the people. [43 C. J., 586.] They also concede that ratification of the franchise by the voters cannot preclude the present board or future boards of aldermen from amending or repealing the provision for a license tax contained in section ten of the franchise, or from enacting a different kind of license tax with different rates. [City of Kansas City v. Corrigan, 18 Mo. App. 206.] Respondents further concede that even had the franchise provided, which it did not, that the five per cent provision should remain unalterable, that provision would be invalid.

Appellants contend that an attorney for the Power and Light Company drew the franchise ordinance with the purpose of binding the city for twenty years to the particular license tax mentioned in section ten of the ordinance. That such purpose is shown by the statement that the license tax [137] is levied "In consideration of the grant herein made . . ." While appellants do not clearly so state, we gather that they mean to argue that the license tax must fail as a consideration for the franchise, and, therefore, the franchise itself must fail.

We are not concerned with the identity of the author of the ordinance nor with his purpose except as it is validly expressed in the ordinance.

A franchise becomes a contract upon the passage of a valid ordinance, its ratification by the voters and acceptance by the grantee. It may be granted or accepted on conditions which, if valid, become a part of the contract. [K. C. Power and Light Co. v. Carrollton, 346 Mo. 802, 142 S. W. (2d) 849.] In the case of City of St. Louis v. Laclede Power and Light Co., 347 Mo. 1066, 152 S. W. (2d) 23, cited by appellants, we held that a provision in an ordinance for payment of a per cent of the gross receipts by a grantee of a franchise was intended as a contract provision for "rental" and not as a "license tax." But the wording of that ordinance and its interpretation as shown by the conduct of the parties over many years distinguish that case from the instant case.

The wording of section ten of the ordinance in the instant case is somewhat ambiguous, to say the least, as to whether the payment of a per cent of gross receipts is a condition on which the franchise is granted or merely the imposition of a license tax. It terms the provision a "consideration" for the franchise, but it also in several places calls it a "license or occupation tax." It does not expressly restrict the power of the city to repeal or amend the provision or state that it shall remain in force for the period of the franchise. The section being ambiguous must be strictly contrued against the grantee of the franchise, especially as to any restriction on the taxing power. [38 Am. Jur., p. 214, sec. 532.] Respondents concede that to be the law. They go further and say that section ten is no part of the franchise contract; that it merely imposes a license tax which was unnecessary to submit to the voters and which the present or any future board of aldermen are free to amend or repeal at any time without impairing the franchise. That amounts to a solemn admission by respondent, Power and Light Company, that the provisions of section ten do not constitute a "consideration" for its acceptance of the franchise and, therefore, it will be in no position to complain of a partial failure of consideration should the city change the nature or rate of license tax. Permission to the Power and Light Company to use the streets and alleys in the conduct of its business is the real consideration. The inclusion of section ten in the franchise ordinance and its unnecessary submission to the voters does not invalidate the franchise. [K. C. Power & Light Co. v. Carrollton, 346 Mo. 802, 142 S. W. (2d) 849; 38 Am. Jur., p. 216, sec. 534.]

Under the facts and circumstances of this case we hold that the franchise imposes no restriction on the taxing power of the city.

Appellants concede that there is no statute which prohibits a power company from paying the cost of a special franchise election, but ask us to condemn the practice as against public policy. In this case the Power and Light Company had nothing to do with appointing the judges, clerks and other officers who supervised the election nor with fixing their pay. All that was under the control of the city. We see no wrong in the Power and Light Company paying the cost or reimbursing the city therefor.

The remaining contention made by appellants seems to be entirely without merit. It is that the franchise is void because the grantee did not accept it before it was ratified by the voters. A contract comes into existence by an offer and its acceptance and, if all necessary steps are taken, it is immaterial which party first makes the offer. The city could not make a binding offer until it procured the consent of the voters. It made a conditional offer by the passage of an ordinance and its submission to the election. When ratified by the voters and accepted by the grantee, the offer ripened into a con-

tract. This is the [138] way franchise contracts are usually made and we hold it is a proper method.

The circuit court did not err in dismissing appellants' petition and its decree is affirmed. All concur.