FELIX POGUE, GORDON HUGHES and THEODORE HEFFRON, Judges of the County Court of St. Francois County, Petitioners, v. DEWEY SMALLEN, Sheriff of St. Francois County, Missouri, Respondent. —238 S. W. 2d 20.

St. Louis Court of Appeals. Opinion filed March 30, 1951.

708

*W. A. Brookshire, B. C. Tomlinson* and *Frank W. May,* for Petitioners.

*Raymond S. Roberts, Smith & Smith,* by *Taylor Smith,* for respondent.

WOLFE, C.—This is an original proceeding in this court by habeas corpus. The petitioners are judges of the County Court of St. Francois County, and they allege that on February 3, 1951, they were served by the sheriff of the county with a citation commanding them to appear before the circuit court on the following Monday to show cause why they should not be punished for contempt, in that they failed to pay Julia F. Presnell, a deputy circuit clerk, an increased salary in compliance with an order of the circuit court, dated January 15, increasing the deputy clerk's salary of $1,980 to $2,160 per year.

It is further alleged that they appeared on February 5 and filed an answer to the citation, in which it is averred that the county court had not certified the increase order to the auditor out of regard for the financial welfare of the taxpayers of St. Francois County, and that the order increasing the salary was not authorized under the statutes, and that the order did not show an increase in salary was necessary.

The petition for habeas corpus also alleged that after the answer had been filed the circuit judge asked each of the county judges if he intended to obey the order of the court in respect to the salary increase, and, upon receiving a negative reply from each of them, the circuit judge directed the sheriff to confine the three county judges in jail for twenty-four hours.

The sheriff, in compliance with our writ, produced the petitioners and made his return, in which he stated that he held the petitioners by virtue of a writ of commitment issued by the circuit court. A copy of the sentence and judgment of the circuit court is attached to the return, and the pertinent part thereof is as follows:

"NOW on this day comes parties Felix Pogue, Presiding Judge, Gordon Hughes, Judge of the First District and Theodore Heffron, Judge of the Second District, in person and without counsel.

"Court inquires of Pogue, Hughes and Heffron as to their attitude towards presently obeying the order of this Court, which order is of January 15, 1951, and increases the salary of Miss Julia F. Presnell, deputy Circuit Clerk, a copy of said order having heretofore been served by leaving a certified copy thereof with the County Clerk as required by law; respondents Pogue, Hughes and Heffron each answering in the negative, the Court finds respondents Pogue, Hughes and Heffron and each of them, guilty of wilful disobedience of an order lawfully issued by this Court, finds that the contempt of each of them was committed in the immediate view and presence of the Court and orders respondents Pogue, Hughes and Heffron committed to the County Jail for a period of Twenty-four (24) hours."

Another exhibit attached to the return is the order relating to the salary, which states:

"I, J. O. Swink, Judge of the 27th Judicial Circuit of the State of Missouri, do hereby authorize the salary of Julia F. Presnell, Deputy Circuit Clerk of St. Francois County, Missouri, to be changed from $1980.00 to $2160.00 per year, effective January 1, 1951.

"Done in my office in Farmington, Missouri, this 15th day of January, 1951."

This order bears the attestation of the clerk and a certification that a copy of it was delivered to the clerk of the county court.

The petitioners in their reply state that the only legal order of record fixing the salary of Julia F. Presnell bears the date of October 1, 1949.

St. Francois County is a county of the third class. Section 483.345, R. S. Mo., 1949, provides:

"Every circuit clerk in counties of the third class shall be entitled to such number of deputies and assistants to be appointed by such official, with the approval of the judge of the circuit court, as such judge shall deem necessary for the prompt and proper discharge of the duties of his office. The judge of the circuit court, in his order permitting the circuit clerk to appoint deputies or assistants, shall fix the compensation of such deputies or assistants which order shall designate the period of time such deputies or assistants may be employed. Every such order shall be entered on record, and a certified copy thereof shall be filed in the office of the county clerk. The circuit clerk may, at any time, discharge any deputy or assistant, and may regulate the time of his or her employment and the circuit court may at any time

modify or rescind its order permitting an appointment to be made.''

It will be noted that the order mentioned in the section is one *permitting* the clerk to appoint his assistants. The concluding clause provides that the circuit court may modify the order at any time, and this authority to modify the order is not limited, as the petitioners assert, to the mere tenure of office, but carries with it the right to modify the salary, for it is plain that the fixing of the salary is a part of the order permitting the appointment and there is nothing in the section to suggest that the right to modify the order shall be limited in any way. The section carries with it a provision that the order shall be filed with the county clerk. The purpose of this is to give the county court the information necessary to pay the salaries for which the county is obligated.

Section 483.350, R. S. Mo. 1949, provides:

''All annual salaries provided in sections 483.330 and 483.345, shall be paid out of the county treasury in monthly installments at the end of each month by warrant drawn by the county court upon the county treasury.''

The reading of these two sections leaves no doubt that the county court is obliged to issue warrants to the deputy clerk for the salary specified by the circuit judge in the order permitting her appointment. The increase in her salary was effective from the date of the order, but the question before us is whether or not the county judges' refusal to comply with it constituted contempt.

It is the contention of respondent that the petitioners were in willful disobedience of an order of the circuit court. But before one can be in contempt of court on such ground the order must be lawful, and if it is void, or if no order in fact exists, then no contempt will lie for a refusal to obey. State ex rel. Hyde v. Westhues, 316 Mo. 457, 290 S.W. 443, l.c. 446; Ex parte Irwin, 320 Mo. 20, 6 S.W.2d 597. The situation here is similar in many respects to the facts in Brownfield v. Bash, 340 Mo. 828, 102 S.W.2d 880. There the circuit court directed the Board of Election Commissioners to place the name of one Phelps on the register of voters. The commission complied but when Phelps sought to vote one of the election judges challenged his right to do so. The circuit judge who had made the original order on the Board of Election Commissioners held that the election judge was in contempt of court. The Supreme Court en banc held that the original order of the circuit judge did not judicially determine Phelps' right to vote and the election judge therefore was not in contempt of court as there had been a full compliance with the only order it had issued.

In the case before us, the only order is that the circuit clerk is permitted to employ two deputies at a certain salary. It was not an order on the county court to pay the clerks and after it was made and the clerk appointed the deputies, it was functus officio, that is, the order

was spent and the power of the court terminated in respect to it except for the circuit judge's statutory right to modify it later if he saw fit. Although there rests upon the county court the duty to pay the clerk's salary and payment may be enforced by proper remedy, the judges of the county court cannot be held in contempt for violating a court order upon them for none exists, and the action of the court in adjudging the petitioners guilty of contempt is void.

For the reasons stated, it is the recommendation of the Commissioner that the petitioners be given an absolute discharge from custody.

PER CURIAM:—The foregoing opinion of WOLFE, C., is adopted as the opinion of the court. The petitioners are accordingly given an absolute discharge from custody. *Anderson, P. J.,* and *McCullen* and *Bennick, JJ.,* concur.